**EBERHARD FOODS, INC.,**
Plaintiff–Appellee,

v.

**Jerome HANDY and Local 406, International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America, Defendants–Appellants.**

No. 88–1294.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 31, 1989.

Decided March 1, 1989.

Marshall W. Grate, Fort Wayne, Ind., for plaintiff-appellee.

Michael L. Fayette (argued), Pinsky, Smith, Fayette, Soet & Hulswit, Grand Rapids, Mich., for defendants-appellants.

Before MERRITT and MILBURN, Circuit Judges and LIVELY, Senior Circuit Judge.

MERRITT, Circuit Judge.

The issue in this labor/management § 301 case is whether the just cause provision of the collective bargaining agreement ("CBA") between Eberhard Foods, Inc. ("Eberhard") and Teamsters Local 406 ("Union") allows the arbitrator to weigh considerations of fairness when reviewing the penalty imposed by Eberhard for violation of work rules agreed to by the Union and Eberhard. Because we believe that the arbitrator has such authority, we reverse the decision of the District Court.

I.

Jerome Handy was employed by Eberhard as a third-shift warehouse employee and was a member of the collective bargaining unit represented by the Union. Around midnight on September 12, 1985, Handy became involved in an argument with co-employee David Summa, also a third-shift bargaining unit employee. When Summa threw playing cards at Handy, Handy twice hit Summa in the face. Both employees were suspended with pay pending investigation of the matter.

As a result of the investigation, Eberhard determined that Handy had violated Rule 13 of the Work Rules and Regulations ("Rules") agreed to by the Union and the employer. Specifically, Rule 13 provides

that an employee who was guilty of fighting on company time or property was subject to discharge for the first offense. Eberhard, on the other hand, found that Summa had not violated Rule 13. Eberhard, therefore, discharged Handy and reinstated Summa without loss of time.

The Union grieved Handy's discharge, claiming his actions were defensive rather than aggressive. The grievance was processed in accordance with the CBA and was submitted to arbitration.

The arbitrator found that Handy had violated Rule 13. The arbitrator further found that he had the authority under the CBA to review the penalty assessed Handy for such violation. The arbitrator found that because of the difference in treatment of Handy compared with the treatment of Summa, Handy's actions, while just cause for severe discipline, did not justify discharge. Thus, the arbitrator awarded Handy reinstatement without back pay.

Eberhard filed a complaint against the Union and Handy in District Court pursuant to 29 U.S.C. § 185(a),[1] to vacate the award claiming that it was contrary to the clear and unambiguous terms of the contract. On cross-motions for summary judgment, the District Court vacated the arbitrator's award because (1) it violated the terms of the agreement and (2) it was based on general considerations of fairness and equity rather than the precise contract terms. *See Eberhard Foods, Inc. v. Handy,* No. G86–884 CA1, slip op. (W.D. Mich. Feb. 17, 1988). Handy and the Union now appeal.

## II.

It is axiomatic that in reviewing an order entering summary judgment, the appellate court must determine whether, viewing the facts in a light most favorable to the opposing party, the moving party is entitled to summary judgment. A party is entitled to summary judgment when "there is no genuine issue as to any material fact ... and

the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.

The facts in this case are undisputed. Both parties adopt the factual determinations made by the arbitrator. One of the parties is, therefore, entitled to judgment as a matter of law.

■ The standard of review in arbitration cases is narrow. *Anaconda Co. v. Dist. Judge No. 27 of Int'l Ass'n of Machinists,* 693 F.2d 35 (6th Cir.1982). Indeed, an arbitrator's decision should be upheld unless it fails to "draw its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). In *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), the Court again advised lower federal courts to be more deferential to the arbitration process. There it reversed a Fifth Circuit decision setting aside an arbitrator's decision which had concluded that there was not "just cause" for discharge on grounds of possession of marijuana on the job. The Court explained:

> Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept. Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts....
>
> ... So, too, where it is contemplated that the arbitrator will determine remedies for contract violations that he finds, courts have no authority to disagree with his honest judgment in that respect. If the courts were free to intervene on these grounds, the speedy resolution of grievances by private mechanisms would be greatly undermined....

*Id.* 108 S.Ct. at 371, 372.

One of the District Court's alternative grounds for discharge was that the award

---

**1.** 29 U.S.C. § 185(a) provides in pertinent part:
  Suits for violation of contracts between an employer and a labor organization represent-

ing employees ... may be brought in any district court of the United States having jurisdiction of the parties....

violated the CBA. Specifically, the Court held that once the arbitrator found that Handy violated Rule 13, the arbitrator was required to defer to the Rule 13 remedy of discharge.

Eberhard urges us to accept the District Court's finding. Handy and the Union, on the other hand, argue the arbitrator had the power, not only to determine if a violation of the Rules occurred but also to determine the appropriate sanction notwithstanding that Rule 13 allows the employer to discharge an employee for fighting.

■ As *Misco, supra,* teaches, it is the language of the CBA and the arbitrator's own construction thereof, which determines the scope of the arbitrator's authority. 108 S.Ct. at 370–371. In the case at bar, the agreement is unclear on the question of the arbitrator's authority to determine the appropriate sanction after finding a violation of work rules.

■ Article II, Section 1 of the CBA provides that the right to discharge for cause is within the sole discretion of the employer; but Article VII, Section 1 of the agreement further provides that the employer may not discharge a non-probationary employee without "just cause." This combination of provisions could mean that the sanction imposed by the employer is unreviewable by the arbitrator or that the arbitrator can decide whether there is "just cause" for the particular sanction imposed. This lack of clarity is magnified by the fact that the work rules are not even mentioned in the CBA. As a preamble, the Work Rules and Regulations contain the following language:

Nothing in these work rules and regulations shall abrogate the employee's rights under the grievance procedure contained in the present union contract, nor do they supersede any clauses that may be contained in said contract.

This preamble is followed by a list, in tabular form, of several rules and the corresponding disciplinary action for each time the specified conduct has occurred, including Rule 13 regarding fighting on Company time or property. The corresponding disciplinary action allowed for a Rule 13 first offense is discharge.

There is nothing, therefore, in the CBA or work rules which expressly limits or removes from the arbitrator the authority to review the remedy in this case. *Misco, supra,* says that in such an instance, the courts must defer to the arbitrator's construction of the contract. 108 S.Ct. at 373. The arbitrator construed the contract as authorizing him to review employer sanctions. Specifically, the arbitrator ruled:

Rule 13 specifies a 1st offense penalty of discharge. The company contends that the arbitrator has no authority to substitute a different penalty, because the Work Rules and Regulations were negotiated and agreed to by the parties.

The arbitrator believes that the Company, through unrefuted testimony by its chief negotiator, has made a convincing showing that the Work Rules and Regulations were in fact negotiated and agreed to by the parties. it [sic] does not follow, however, that the arbitrator lacks authority to review the propriety of the discharge penalty in any given case of Rule 13 violation or to find a lesser penalty to be called for under the particular circumstances of a particular Rule 13 violation. By expressly providing that nothing contained therein shall abrogate the employee's rights under the Agreement's grievance procedure, and further providing that they do not supersede any Agreement clauses, the Work Rules and Regulations send some clear messages: that literal application of some feature of the Work Rules and Regulations might run afoul of an Agreement provision or the proper operation of the grievance procedure in a given situation; and that, if faced with such a situation, the arbitrator owes his primary allegiance to the Agreement and its grievance procedure. Thus, in the present case, *the arbitrator has a responsibility to consider the Union's claims that,* notwithstanding the 1st offense discharge penalty specified by Rule 13, *Handy's discharge was violative of* the warning notice requirement and *the just cause standard* contained in

Article VII of the Agreement. (Emphasis added.)

*Eberhard Foods, Inc. v. General Teamsters Union, Local 406*, No. 86K/19644 at 6–7 (Sept. 6, 1986) (Cole, Arb.). On the basis of *Misco* and the lack of clarity of the CBA on the issue of sanctions, we conclude that the arbitrator did not act unreasonably or capriciously in construing the agreement to authorize review of the sanction imposed.

■ The District Court also found that the arbitrator's ruling was based on fairness and equity rather than on the terms of the CBA as prohibited by *Dobbs v. Local No. 614, Int'l Brotherhood of Teamsters*, 813 F.2d 85 (6th Cir.1987) (where CBA expressly provides employer exclusive right to enforce work rules and work rules are set forth in contract, arbitrator may not, *inter alia*, violate express terms of agreement or consider fairness and equity in fashioning remedy). In reaching this conclusion, the court relied on language in the arbitrator's decision, specifically: "[T]here was some lack of evenhandedness and fairness in the Company's ultimate decision.... For this reason, and for this reason only, the arbitrator has concluded that Handy's penalty should have been less than discharge." *Eberhard* at 5, quoting Arbitrator's Decision at 8.

Handy and the Union again contend that in so ruling the District Court disregarded the arbitrator's broad authority to fashion remedies in such a dispute and instead attempted to limit this authority by holding that discharge was the only possible penalty. Eberhard, on the other hand, citing *Dobbs*, again contends that the arbitrator was limited to the remedy supplied by the Rules and that considerations of fairness were not appropriate.

Again, Eberhard's argument assumes, without discussion, that the Rules remove the remedy from review by the arbitrator. For the reasons discussed above, this assumption is erroneous. Moreover, as *Misco, supra*, teaches, a contract may make considerations of fairness subject to arbitration in a determination of whether just cause exists for discharge rather than a

lesser remedy. 108 S.Ct. at 372, quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960) (arbitrator must "bring his informed judgment to bear in order to reach a fair solution of a problem"). Again, the question is whether the language of the contract at hand is sufficiently clear so as to deny the arbitrator the authority to interpret the agreement as he did, i.e., to interpret the agreement to permit arbitration of the fairness of the remedy, once a violation of the work rules is found. In this case, the language of the CBA does not preclude such authority.

Although the case is a close one, we believe that the policy set forth by the Supreme Court in *Misco* is dispositive here. We further believe that for the reasons stated above, the arbitrator's action was in line with that policy. We, therefore, reverse the decision of the District Court and remand the case with instructions to reinstate the arbitrator's award.