877 F.2d 62
 132 L.R.R.M. (BNA) 2320
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AGIPCOAL USA, INC., Plaintiff-Appellant,
v.
INTERNATIONAL UNION, UMWA, Defendant-Appellee.
 No. 88-6122.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1989.
 
 Before NELSON and BOGGS, Circuit Judges, and ANN ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 The underlying issue in this appeal from a district court's refusal to enforce a labor arbitration award is whether a grievance was timely filed. The arbitrator ruled that it was; the district court disagreed and vacated the arbitrator's decision. Mindful of the Supreme Court's admonition in United Paperworkers International Union v. Misco, Inc., 484 U.S. 29 (1987), that the lower federal courts should accord the utmost deference to arbitral decisions in labor disputes, we shall reverse the judgment of the district court.
 
 
 2
 In 1982 Agipcoal USA, Inc. (then known as Enoxy Coal) purchased a group of coal properties known as the Pevler Complex. In working these properties, Agipcoal used both its own coal miners and miners employed by independent contractors. In October of 1984 the company shut down all mining operations at the Pevler Complex and laid off the Agipcoal employees who had been working there. In May and July of 1986, however, Agipcoal entered into lease agreements with independent contractors for the mining of the Pevler properties. The contractors were contractually bound to deliver the coal mined to Agipcoal, which in turn used the coal to meet its own sales commitments.
 
 
 3
 The United Mine Workers union became aware of these leases, and in July and August of 1986 it attempted to persuade the independent contractors to enter into a labor agreement. The contractors refused to recognize the union, and in August and October of 1986 the union engaged in organizational picketing at the Pevler Complex.
 
 
 4
 In December of 1986 a member of UMW Local 1827 filed a grievance against Agipcoal, alleging that the company had violated Article IA(h)(1) of its collective bargaining agreement. That article prohibited employers from leasing coal lands for the purpose of avoiding application of the agreement.
 
 
 5
 The dispute went before an arbitrator pursuant to Article XXIII of the labor agreement. The company argued that the grievance was barred by a 10-day limitations period incorporated in section (b) of the article. The arbitrator rejected this argument, holding that the leasing of the Pevler Complex constituted a continuing violation of the labor agreement; because the violation was continuing, the arbitrator concluded, the grievance had been timely filed. The arbitrator ruled against the company on the merits of the dispute and directed prospective termination of the leases.
 
 
 6
 Agipcoal filed a complaint in the United States District Court for the Eastern District of Kentucky asking that the arbitrator's decision be vacated. A magistrate recommended that the award be vacated because the arbitrator had "ignored the plain language" of the agreement:
 
 
 7
 "Since the record contains no evidence indicating that these parties intended to depart from the clear language of the agreement, the undersigned is of the opinion that the arbitrator's decision conflicts with the express terms of the agreement and cannot be rationally deduced from the agreement. The arbitrator has ignored the plain language of the agreement and has dispensed his own industrial justice."
 
 
 8
 The district court accepted the magistrate's recommendation and entered an order vacating the award. This appeal followed.
 
 
 9
 We must decide whether the "essence" of the arbitrator's decision was drawn from the collective bargaining agreement, or whether the arbitrator "dispense[d] his own brand of industrial justice." United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960). In United Paperworkers International Union v. Misco, 98 L.Ed.2d 286, 299 (1987), the Supreme Court reaffirmed that the answer to such a question does not depend on whether the arbitrator's decision was correct as a matter of law:
 
 
 10
 "[T]he arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice. But as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (Emphasis supplied.)
 
 
 11
 The arbitrator in the present case was, in our opinion, "arguably" construing and applying the contract. The arbitrator did not ignore the 10-day provision of the bargaining agreement, but attempted to apply it in conjunction with a "continuing violation" concept that is well established in both arbitral and judicial precedents.
 
 
 12
 It may well be true that the arbitrator committed serious error in applying the continuing violation concept here. It may also be true that the arbitrator ought not to have deemed the Pevler leases to be continuing violations. We, however, "do not sit to hear claims of factual or legal error by an arbitrator." 98 L.Ed.2d at 299. Where the contract language is not "sufficiently clear so as to deny the arbitrator the authority to interpret the agreement as he did," Misco requires that the arbitrator's decision be enforced. Eberhard Foods, Inc. v. Handy, 868 F.2d 890, 893 (6th Cir.1989). That, we believe, is the situation presented in the case at bar.
 
 
 13
 The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation