893 F.2d 1335
 135 L.R.R.M. (BNA) 3272
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MONSANTO COMPANY, a Delaware Corporation,
Plaintiff-Appellant, Counter-Defendant,
v.
LOCAL UNION NO. 229, affiliated with The International
Brotherhood of Teamsters, Chauffeurs, Warehousemen
and Helpers of America,
Defendant-Appellee, Counter-Claimant.
 Nos. 89-1230, 89-1231.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1990.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Monsanto Company, the plaintiff, appeals the district court's order affirming the award of the arbitrator in favor of Local Teamsters Union No. 299. For the following reasons, we affirm.
 
 I.
 
 2
 Monsanto Company ("Monsanto" or "Company") challenges the arbitration opinion and award in favor of Local Teamsters Union No. 299 ("Union") which reinstated an employee, Charles Brise, after he had been discharged for excessive absenteeism and tardiness. Brise was disciplined by Monsanto in accordance with Company rules and regulations. The Union represented Brise in the grievance procedure and in the arbitration of the grievance under the collective bargaining agreement between the Union and Monsanto.
 
 
 3
 The collective bargaining agreement between Monsanto and the Union contains a general management rights clause in Article 3:
 
 
 4
 The Union recognizes that, subject to the provisions of this agreement, the operation of the plant, including but not limited to the right to employ, promote, lay-off, discipline or discharge for just cause, and to judge the qualifications and competency of all employees, are reserved by and vested in the company.
 
 
 5
 Any differences of opinion as to promotion and demotions, lay offs, discipline administered, discharges or rehiring or qualifications and competency shall be considered a grievance and handled in accordance with Article 10 of this agreement.
 
 
 6
 Article 10 sets up a three step grievance procedure. Grievances that have not been resolved at one of the earlier steps are submitted to arbitration only "as provided in Article 11". It is in Article 11 that the extent of the Arbitrator's authority is defined.
 
 
 7
 The jurisdiction of the Arbitrator shall be limited to a dispute as to the interpretation, application or violation of a specific term or provision of this agreement, and in addition to such limitation, it is expressly understood and agreed that the jurisdiction of the arbitrator shall not include any dispute as to the exercise of the Company of any of the rights and responsibilities reserved by the Company in this Agreement.
 
 
 8
 The Arbitrator shall have no power to add to, or subtract from, or change, modify or amend any of the terms or provisions of this Agreement or any other written agreement, or to establish or change the general wage level or to alter change or modify any company policies, rules or regulations not in conflict with the specific terms and provisions of this agreement. The decision of the arbitrator shall be final and binding upon the parties covered by this Agreement.
 
 
 9
 Monsanto's plant rules and disciplinary procedures provide that "absenteeism, usually regardless of reason, is cause for discipline," and establishes a four step disciplinary process. The first step is an oral reminder of the need for improvement. The second step is a written warning. The third step involves a "decision day off with pay", to encourage the employee to think through his problem and evaluate whether or not he wishes to continue in the job. If the employee returns to work and continues to perform in the same unacceptable manner, the fourth step is termination.
 
 
 10
 The arbitrator found that Brise had violated the company rules on absenteeism and that he had been disciplined according to regulations. However, based on the circumstances of this case, the arbitrator determined that there was not just cause for discharge and that it was more appropriate to give Brise time off without pay for further consideration of his dilemma.
 
 
 11
 On August 1, 1988, Monsanto filed suit in the United States District Court for the Eastern District of Michigan, Judge George Woods presiding, to vacate the arbitrator's award. On cross motions for summary judgment, Judge Woods rendered an opinion from the bench in favor of the Union on December 12, 1988. Judge Woods determined that 1) the collective bargaining agreement contains conflicting and ambiguous provisions concerning the authority to assess discipline and 2) the arbitrator, in resolving that conflict and ambiguity, properly modified the penalty imposed on Brise.
 
 
 12
 Monsanto filed a motion for reconsideration, arguing that the arbitrator had exceeded the scope of his authority when he modified the sanction for Brise's wrongdoing. The district court denied the motion for reconsideration on February 1, 1989. This timely appeal followed.
 
 II.
 
 13
 The Supreme Court has recently addressed the standard of judicial review of arbitrator's decisions.
 
 
 14
 "The courts have jurisdiction to enforce collective bargaining contracts, but where the contract provides grievance and arbitration procedures, these procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute. Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept. Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decision of lower courts. To resolve disputes about the application of a collective bargaining agreement, an arbitrator must find facts and a court may not reject those findings simply because it disagrees with them. The same is true of the arbitrator's interpretation of the contract. The arbitrator may not ignore the plain language of the contract, but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract. Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 579 (1960). So, too, where it is contemplated that the arbitrator will determine remedies for the contract violations that he finds, courts have no authority to disagree with his honest judgment in that respect. If the courts were free to intervene of these grounds, the speedy resolution of grievances by private mechanisms would be greatly undermined. Furthermore, it must be remembered that grievance and arbitration proceedings are part and parcel of the ongoing process of collective bargaining. It is through these processes that the supplementary rules of the plant are established. As the court has said, the arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own motion of individual justice. But as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of the authority, that a court is convinced he committed serious error does not suffice to overturn his decision."
 
 
 15
 United Paper Workers Inter. Union v. Misco, Inc., 108 S.Ct. 364, 370-71 (1987).
 
 
 16
 On appeal, Monsanto contends that the decision of the district court upholding the arbitrator's award must be vacated and reversed because the collective bargaining agreement unambiguously grants the employer the authority to assess discipline of an employee and the arbitrator exceeded his contractual authority when he modified the sanction for Brise's absenteeism and tardiness. Monsanto acknowledges that judicial review under Misco is limited and that so long as an arbitrator is even "arguably construing or applying the contract" and acting within the scope of his authority, the courts may not overturn the decision. Id. at 371. However, Monsanto argues that vacation or modification of an arbitration award is clearly proper where an arbitrator has exceeded his authority. Monsanto further argues that although the Supreme Court decision in Misco has expanded the deference due an arbitrator's decision on the merits, it has not changed the contours of the arbitrator's jurisdiction, and if the language of the contract is clear and unequivocal, the arbitrator cannot give it a meaning other than that expressed by the agreement.
 
 
 17
 The Union responds that the right of the arbitrator to change or modify penalties found to be improper or too severe may be deemed to be inherent in the arbitrator's power to decide the sufficiency of just cause. Because the agreement gives the employer the right to discipline and discharge for just cause, the Union contends that mitigation of Brise's discipline was an inherent part of the arbitrator's jurisdiction.
 
 
 18
 The district court characterized the issue in the instant case as whether determining the sanction for an acknowledged violation of company policy is a function delegated solely to the Company, or whether it is a matter initially for the company but subject to review and modification by an arbitrator. The court determined that the arbitrator found Brise had violated the absenteeism policy, but that termination was too harsh a sanction under the circumstances and "really didn't constitute discipline or discharge for just cause." The court also found that the Arbitrator "implicitly admitted that the Company established just cause for some type of discipline." The court determined that the following language in Article 3 of the collective bargaining agreement gave the Arbitrator the right to modify the discipline meted out by Monsanto:
 
 
 19
 Any differences of opinion as to discipline administered, discharges etc. shall be considered a grievance and submitted to arbitration.
 
 
 20
 The court then explained that because the contract provides that all discipline or discharge is subject to the grievance procedure, which includes arbitration, the arbitrator may reinstate an employee.
 
 
 21
 Monsanto claims the district court misread Article 3 and that the language in Article 3 goes on to state that grievances shall be handled in accordance with Article 10. Article 10 sets out a four step procedure which states that "grievances not adjusted by the foregoing provisions shall be submitted to arbitration is provided in Article 11. Because Article 11 defines the limitations on the jurisdiction of the arbitrator including a provision that the arbitrator may not modify any element of the agreement or change any company policy, Article 3 does not conflict with Article 11 but rather sets the parameters of it. Monsanto further contends that the arbitrator did not find a conflict in the contract provisions, or any ambiguity in the contract.
 
 
 22
 As we see it, the arbitrator made a determination of whether the discipline rendered was "just, fair and reasonable", and stated that the authority to modify the penalty is inherent in the determination of just cause. However, the penalty he imposed--time off without pay--does not exist under the disciplinary procedures. The Supreme Court has determined that an arbitrator's award is only legitimate when it draws its essence from the collective bargaining agreement:
 
 
 23
 [A]n arbitrator is confined to interpretation and application of the Collective Bargaining Agreement. He does not sit to dispense his own brand of industrial justice. He may of course draw from many sources, yet his award is legitimate only so long as it draws its essence from the Collective Bargaining Agreement. When the Arbitrator's words manifest an infidelity to the obligation, Courts have no choice but to refuse enforcement of the award.
 
 
 24
 United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 597 (1960).
 
 
 25
 This court, in Eberhard Foods, Inc., v. Handy, 868 F.2d 890 (6th Cir.1989), recently examined a collective bargaining agreement very similar to the instant agreement, and held that it is the language of the agreement and the arbitrator's construction thereof which determines the scope of the arbitrator's authority. The arbitrator in Eberhard found that although the employee had clearly violated a company rule, and there was just cause for discipline, the circumstances did not warrant the severe penalty of discharge. This court concluded that the arbitrator had authority under the just cause provision of the collective bargaining agreement to weigh considerations of fairness when reviewing the penalty imposed by Eberhard for violation of work rules agreed to by the Union.
 
 
 26
 We note that in a contemporaneous case involving Monsanto and an employee similarly situated to Brise, Arbitrator Chiese evaluated whether there was just cause for discharge of an employee who had also violated the rules on absenteeism. The arbitrator found that Monsanto had previously engaged in lax enforcement of the absentee policy, but that recently Monsanto had stepped up enforcement of the policy. Arbitrator Chiese held that previous lax enforcement warrants "clear and express notice that the policy would be more aggressively enforced ... before the employer could impose severe discipline, including discharge". Monsanto v. Local Number 299, No. 89-1231. Discussing the arbitrator's award in the instant case Arbitrator Chiese noted that Brise had been reinstated without back pay and stated that in his opinion "unpaid suspension was used to give notice to Brise that his conduct needed improvement and that the rule was going to be more aggressively applied in the future, not as an addition of a new step in the discipline process". Id. at 14. The arbitrator concluded that because illness and injury aren't excused absences under Monsanto regulations, the just cause standard requires that employees be given clear, adequate notice that prior lax enforcement will cease before strict enforcement begins.
 
 
 27
 Therefore, under the standard enunciated in Eberhard we conclude that Arbitrator Lyons modified the punishment meted out to Brise for lack of just cause under the terms of the collective bargaining agreement. Thus, we find that the arbitrator did not exceed the scope of his authority and that the district court correctly affirmed the award.
 
 III.
 
 28
 The Union argues that the Supreme Court's decision in Misco obviates judicial review in the instant case, and that Monsanto had no logical basis whatsoever for attacking the arbitration award. The Union appeals the district court's denial of sanctions against Monsanto, contending that Monsanto's appeal erodes the purpose of arbitration in labor disputes. The denial of Rule 11 sanctions is governed under an abuse of discretion standard. Mihalik v. Pro Arts, Inc., 851 F.2d 790 (6th Cir.1988). In evaluating whether sanctions are appropriate, the court must determine whether Monsanto's conduct in seeking judicial review was reasonable at the time the litigation was initiated. Id. Because Misco does not preclude review absent fraud, as the union alleges, but permits review for a determination of whether the award rests within the terms of the collective bargaining agreement, the union's motion for sanctions is frivolous. Thus, we find that the district court did not abuse its discretion in denying the Union's Rule 11 motion.
 
 IV.
 
 29
 Accordingly, for the reasons stated above, the judgment of the district court is AFFIRMED.