MERCY MEMORIAL HOSPITAL CORPORATION, Appellant,

v.

HOSPITAL EMPLOYEES' DIVISION OF LOCAL 79, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL–CIO, Appellee.

No. 93–1183.

United States Court of Appeals, Sixth Circuit.

Argued April 18, 1994.

Decided May 12, 1994.

Daniel J. Bretz (argued), Detroit, MI (Thomas P. Brady, and Brady Hathaway, Detroit, MI; Lisa Diehl Vandecaveye, Monroe, MI, on the brief), for appellant.

Christopher P. Legghio (argued), Southfield, MI (Miller, Cohen, Martens, Ice & Geary, on the brief), for appellee.

* Honorable William H. Timbers, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

Before: MILBURN and GUY, Circuit Judges; and TIMBERS, Senior Circuit Judge.*

TIMBERS, Senior Circuit Judge.

Appellant Mercy Memorial Hospital Corporation (Hospital) appeals from a judgment entered in the Eastern District of Michigan, Bernard A. Friedman, District Judge, denying the Hospital's summary judgment motion, granting the summary judgment motion of appellee Hospital Employees' Division of Local 79 (Local 79), and denying Local 79's motion for attorneys' fees and costs. The judgment affirmed a decision by Arbitrator Michael P. Long, which required the Hospital to reinstate Charlotte Baum as an employee.

The Hospital contends (1) that the arbitrator exceeded his authority pursuant to the collective bargaining agreement in ordering the reinstatement of Baum, and (2) that the arbitrator made erroneous factual findings in determining that Baum was improperly discharged.

We affirm.

I.

We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

Charlotte Baum was a union steward and cook at the Hospital where she began working in 1977. In November 1987, Baum was suspended for leaving the Hospital premises without permission during her shift, tampering with time cards, and asking other employees to punch her time card. After an investigation by Hospital personnel, Baum was discharged in December 1987 for various alleged violations of Hospital rules. Her letter of discharge set forth six grounds for discharge: (1) tampering with time cards and ringing the time card of another employee; (2) misrepresentation of Hospital time records; (3) leaving Hospital premises during work hours without authorization; (4) asking and encouraging other employees to break

Hospital rules; (5) intentionally providing false and misleading information to Hospital personnel during the disciplinary investigation and otherwise attempting to interfere with the investigation; and (6) repeatedly violating Hospital work rules.

Local 79 and the Hospital agreed to arbitrate Baum's discharge grievance pursuant to their collective bargaining agreement (the agreement). In addition to providing for arbitration, the agreement provides for the disciplining and discharging of Hospital employees. Article III, section 2, of the agreement states that the Hospital has the right "to make and establish work rules of conduct and fix and determine penalties for violation of such rules, ... provided that such right[ ] shall not be exercised by the Hospital in contravention of any of the express provisions of this [a]greement". Article VI, section 4, states that the arbitrator "shall have no power to substitute his judgment for that of the Hospital's as to the severity or degree of the penalty". Article VIII, section 1, states:

> "After completion of the probationary period, *no employee shall be discharged or suspended without just cause.* Just cause for immediate discharge shall include such acts as: misappropriation of funds or thefts; assault or attempted assault of a patient or personnel of the Hospital; being under the influence of alcohol or drinking alcohol on Hospital premises; illegal use of drugs or narcotics; deliberate and material falsification of Hospital records; or gross personal misconduct detrimental to patients." (emphasis added).

The Hospital Employee Handbook also sets forth grounds for immediate discharge. These include tampering with time cards, misrepresentation of Hospital records, leaving the premises during work hours without authorization, and repeated violations of the rules. The Handbook states that these violations are merely representative of conduct warranting immediate dismissal and that the list is not all-inclusive.

The arbitrator received testimony on eleven days between March and September 1991. In his decision dated July 9, 1991, he found that the Hospital had proven only the charge

that Baum asked and encouraged other employees to violate Hospital rules. The testimony at the hearing established that on November 2, 1987, Baum asked Stella Richter, a fellow employee, for a ride home from work. Baum told Richter that they would have to leave before the end of their shift, but that Kathy Respondeck, another kitchen employee, would punch both of their time cards. After Richter declined to leave early, Baum asked Richter to punch her card at the end of the shift. Based on these facts, the arbitrator found that Baum had encouraged other employees to violate Hospital rules. He also found that these facts did not prove that Baum actually left the Hospital before the end of her shift.

The arbitrator also found that the Hospital had not proven that Baum tampered with another employee's time card. Sharon May testified that she saw Baum take a time card from the rack, punch it, put it back, and then remove and punch a second time card. The arbitrator found that this did not prove that Baum had tampered with another employee's time card. He found that this testimony proved only that Baum punched two time cards.

The arbitrator concluded that discharge was inappropriate and ordered that Baum be reinstated after a seven day suspension. He also concluded that the act of encouraging another employee to violate Hospital rules merited discipline, but that such act was not just cause for discharge as required by the collective bargaining agreement.

The Hospital then sought to vacate the arbitration award in the district court pursuant to 29 U.S.C. § 185(a) (1988). It alleged that the arbitrator did not have the authority pursuant to the collective bargaining agreement to order reinstatement. Both sides moved for summary judgment. Local 79 also moved for attorneys' fees and costs. On January 7, 1993, the court held a hearing on the parties' motions for summary judgment. At the close of the hearing, the court announced an oral order affirming the arbitrator's decision. On January 21, 1993, the court entered judgment denying the Hospital's summary judgment motion, granting Local 79's summary judgment motion, and denying Local 79's motion for attorneys' fees and costs.

## II.

### (A) ARBITRATOR'S AUTHORITY TO ORDER REINSTATEMENT

The Hospital contends that the arbitrator did not have authority pursuant to the just cause provision of the collective bargaining agreement to order Baum's reinstatement. She did not commit an act for which discharge was expressly provided. The Hospital relies on Article III, section 2 and Article VI, section 4, of the agreement in support of its claim that it had the exclusive right to set disciplinary penalties, including discharge, for any violation of a work rule. The Hospital asserts that, once the arbitrator found that Baum had committed an act meriting discipline, the Hospital had just cause to discharge her. We disagree.

■ "The standard of review in arbitration cases is very narrow." *Anaconda Co. v. District Lodge No. 27, Int'l Ass'n of Machinists & Aerospace Workers*, 693 F.2d 35, 36 (6 Cir.1982) (per curiam). An arbitrator's decision is proper if it "draws its essence from the collective bargaining agreement" and is not merely the arbitrator's "own brand of industrial justice". *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). This is "[b]ecause the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge" and thus "it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept". *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37–38 (1987). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Id.* at 38.

Encouraging another employee to violate a Hospital rule is not enumerated in the agreement or in the employee handbook as just cause for immediate discharge. The agreement and the handbook, however, provide that the acts enumerated as providing just cause are nonexclusive and that similar acts also may constitute just cause for discharge. This allows for two interpretations of the just cause provision.

The first interpretation, which the Hospital urges us to adopt, would establish just cause for discharge once the arbitrator finds that the grievant committed *any* violation meriting discipline. This would relegate the arbitrator to a mere fact-finder and would preclude him from determining whether an unenumerated violation provides just cause for discharge.

■ The second interpretation, which was adopted by the arbitrator, would mean that the arbitrator has the authority to determine whether unenumerated acts of misconduct constitute just cause for discharge. There is no provision in the agreement precluding this interpretation of the arbitrator's authority to order reinstatement pursuant to the just cause provision. Since this is a reasonable interpretation of the just cause provision, we believe that the arbitrator's reinstatement award "rationally derived from the terms of the agreement". *Dobbs, Inc. v. Local 614, Int'l Bhd. of Teamsters*, 813 F.2d 85, 86 (6 Cir.1987); *see also Retail Clerks Union Local No. 1557 v. Murfreesboro Vending Serv., Inc.*, 689 F.2d 623, 626 (6 Cir.1982) (per curiam) (arbitrator's decision need be a permissible interpretation, not the best interpretation, of the collective bargaining agreement). We are satisfied, under the deferential standard of review set forth in *Misco, supra*, that the arbitrator reasonably interpreted the just cause provision as authorizing him to order the reinstatement of Baum. *Eberhard Foods, Inc. v. Handy*, 868 F.2d 890, 892–93 (6 Cir.1989).

We agree with the arbitrator's decision that he was authorized to award reinstatement of Baum.

### (B) ARBITRATOR'S FACTUAL FINDINGS

■ The Hospital also challenges the arbitrator's factual findings in connection with his decision that discharge was inappropriate. The Hospital contends that the evidence proved (1) that Baum tampered with another employee's time card and (2) that Baum provided Hospital personnel with misleading information. The Hospital asserts that the arbitrator erred in ordering reinstatement, since such acts are listed as just cause grounds for discharge. The arbitrator found that the Hospital failed to prove that

Baum had committed the alleged violations of Hospital rules. Specifically, the arbitrator found that Sharon May's testimony did not prove that Baum punched the time card of another employee, since May could not identify whose card Baum had punched. The arbitrator also found that the Hospital failed to prove that Baum provided it with misleading information, since the Hospital failed to prove the underlying offenses in connection with which Baum was accused of providing misleading information. Although we might have reached a contrary conclusion based on the evidence, we are satisfied that the record sufficiently supports the arbitrator's factual findings. *Storer Broadcasting Co. v. American Fed'n of Television & Radio Artists,* 600 F.2d 45, 47 (6 Cir.1979).

■ The Hospital further contends that there is nothing in the agreement to support the arbitrator's decision that Baum's history of rule violations did not merit discharge. The arbitrator found that the agreement and the employee handbook set a policy of corrective/progressive disciplinary procedures for employees who violate Hospital rules. The arbitrator found that Baum never had been suspended nor had her pay docked for her prior infractions. He also found that Baum's disciplinary record showed much improvement over the two years preceding her discharge and that employees who committed similar infractions had not been discharged. In light of these facts, the arbitrator concluded that discharge was inappropriate. We believe that the arbitrator properly interpreted the corrective/progressive disciplinary procedure set forth in determining that discharge was inappropriate under these circumstances. *Misco, supra,* 484 U.S. at 38.

We agree with the arbitrator's decision that Baum's discharge was inappropriate on the facts of this case.

### III.

To summarize:

The arbitrator correctly found that the just cause provision in the collective bargaining agreement authorized him to award reinstatement of Baum. He also correctly found that her discharge was inappropriate on the facts of this case.

Affirmed.