106 F.3d 400
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 The HOOVER COMPANY, Plaintiff-Appellee,
v.
LOCAL 1985, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,
Defendant-Appellant.
 
 No. 95-4125.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1996.
 On Appeal from the United States District Court for the Northern District of Ohio, No. 93-02680; Kathleen M. O'Malley, Judge.
 N.D.Ohio
 REVERSED.
 Before: GUY, SUHRHEINRICH, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Local 1985 (the "Union") appeals the decision of the district court vacating an arbitrator's decision on the ground that the arbitrator exceeded the scope of his authority. We REVERSE.
 
 
 2
 This appeal arises out of a grievance filed by the Union on behalf of union member Angela Alazaus against Plaintiff-Appellee The Hoover Company ("Hoover") under a collective bargaining agreement ("CBA") in effect between the parties. In February of 1992, Alazaus failed to report to work for four consecutive days due to an alleged back injury. When Alazaus eventually reported to work on the fifth working day following her alleged injury, Hoover immediately discharged her for violation of Work Rule 18, which mandates termination after four consecutive days of unexcused absence.[1] Hoover subsequently denied Alazaus's grievance contesting her termination, and the parties submitted the dispute to arbitration, with the Union intervening on behalf of Alazaus.
 
 
 3
 Hoover argued before the arbitrator that Alazaus was properly terminated under Rule 18. The Union disagreed. The arbitrator's opinion ordered Alazaus reinstated without back pay as a Hoover employee. Hoover quickly filed suit in the district court to vacate this award. The Union responded by filing its own petition for confirmation of the award. The district court ruled in favor of Hoover. It vacated the decision of the arbitrator for exceeding the scope of his authority in modifying the penalty imposed by Hoover. From that decision the Union now appeals.
 
 
 4
 The issue before this Court is whether the arbitrator properly exercised his authority under the CBA by reinstating Alazaus, whether or not the arbitrator found that Alazaus violated Rule 18. The CBA contains a general provision permitting discharge only upon a showing of "proper cause". Hoover asserts this clause does not apply to the case at bar because the arbitrator's authority under the CBA was limited to application of Rule 18's more specific penalty of discharge. The Union counters that the CBA's proper cause provision entitles the arbitrator to review Hoover's termination decision for proper cause, despite the specific work rule penalty.
 
 
 5
 This Court reviews arbitrators' decisions under an extremely narrow standard because the parties explicitly contracted for the arbitrator, not the federal courts, to resolve their dispute. See United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37-38 (1987); Eberhard Foods, Inc. v. Handy, 868 F.2d 890, 891 (6th Cir.1989). If the arbitrator's decision "draws its essence from the collective bargaining agreement," then that decision cannot be disturbed on appeal. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960). Furthermore, "mere ambiguity in the opinion accompanying an award" does not entitle a district court to vacate the award. Id. at 598. Only when that ambiguity leads to a conclusion that the arbitrator exceeded the scope of his authority can the award be vacated. See Bruce Hardwood Floors v. Southern Council of Indus. Workers, 8 F.3d 1104, 1107 (6th Cir.1993) (arbitration award must stand if arbitrator is even arguably construing the CBA at issue).
 
 
 6
 In order to determine whether the arbitrator's opinion draws its essence from the CBA, we must determine the scope of the arbitrator's authority. Eberhard, 868 F.2d at 892. The breadth of this scope depends upon the arbitrator's interpretation of the language in the CBA. Id. ("[I]t is the language of the CBA and the arbitrator's own construction thereof, which determines the scope of the arbitrator's authority."). Unfortunately, the arbitrator's opinion is not a paradigm of clarity. The arbitrator failed to state explicitly whether or not he found a Rule 18 violation. Hoover's entire argument presupposes that the arbitrator found a Rule 18 violation.[2]
 
 
 7
 As the parties' arguments reflect, the penalty for violation of Rule 18 and the proper cause provision are susceptible to differing interpretations as to whether the arbitrator may review sanctions imposed by Hoover for work rule violations. The arbitrator possesses exclusive authority to resolve this contractual ambiguity. See Misco, 484 U.S. at 37-38. We must defer to the arbitrator's resolution of this ambiguity as long as it does not disregard or modify plain and unambiguous contractual language. See Dobbs, Inc. v. Local No. 614, Int'l Bhd. of Teamsters, 813 F.2d 85, 86 (6th Cir.1987) (citations omitted). See also Misco, 484 U.S. at 37-38.
 
 
 8
 By ordering reinstatement, the arbitrator implicitly concluded that the proper cause provision of the CBA applied to Hoover's decision to discharge Alazaus. The ambiguous language of the CBA does not explicitly rule out such an interpretation of the contract. In the absence of an explicit statement limiting the arbitrator's authority, we must defer to this interpretation. See Eberhard, 868 F.2d at 893. The language of the CBA is not "sufficiently clear so as to deny the arbitrator the authority to interpret the agreement as he did." Id. at 893. Therefore, even assuming that the arbitrator found a Rule 18 violation, application of the proper cause provision to Hoover's termination decision does not violate the CBA. See id. The arbitrator's award simply did not exceed the scope of his authority. Consequently, the opinion drew its essence from the CBA and must be confirmed. See id.
 
 
 9
 For the foregoing reasons, we REVERSE the decision of the district court.
 
 
 
 [1]
 Rule 18 was promulgated pursuant to a management rights clause in the CBA vesting Hoover with the authority to establish rules and regulations and maintain the efficiency of the work force
 
 
 [2]
 Hoover does not claim that the CBA prevents an arbitrator from reviewing for proper cause a decision to terminate when that decision is made absent a specific work rule violation. Hoover claims only that an arbitrator's determination of a Rule 18 violation prevents review of the Rule's explicit termination penalty