EATON CORPORATION, Engineered Fasteners Division, Plaintiff,

v.

PAPER, ALLIED–INDUSTRIAL, CHEMICAL AND ENERGY WORKERS INTERNATIONAL UNION, AFL—CIO, CLC, Local 5–334, Defendant.

No. 5:99–CV–1941.

United States District Court, N.D. Ohio.

Dec. 17, 1999.

Maynard A. Buck, III, Anna K. Tucker, Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH, for plaintiff.

Melvin S. Schwarzwald, Todd M. Smith, Schwarzwald & Rock, Cleveland, OH, for defendant.

## MEMORANDUM AND OPINION

GWIN, District Judge.

With this order, the Court rules on the cross motions for summary judgment filed by Plaintiff Eaton Corporation, Engineered Fasteners Division (the "Company") and Defendant Paper, Allied–Industrial, Chemical and Energy Workers International Union, AFL—CIO, CLC, Local 5–334 (the "Union"). The parties dispute whether an arbitrator's order reinstating an employee fired after testing positive for illegal drug use violated the

collective bargaining agreement and public policy. For the reasons set forth below, the Court finds that the arbitrator's order is valid and enforceable, and grants the Union's motion for summary judgment accordingly.

## I. Background

The Company and the Union are parties to a collective bargaining agreement ("CBA") that, among other things, governs the discipline and discharge of employees. The CBA provides that the Company can discipline and discharged an employee only for "just cause." They resolve any dispute regarding a particular disciplinary action through binding arbitration. In such an arbitration, the Company and the Union give the arbitrator "full discretion to make appropriate modifications of the penalty."

The CBA also authorizes the Company to establish specific work rules. Pursuant to this authority, the Company established a Substance Abuse Policy. This policy sets forth rules regarding the use of alcohol and illegal drugs on the Company's premises.[1] Of particular relevance here, these rules provide for the automatic firings of an employee who tests positive for illegal drug use, while an employee found intoxicated while on the job is subject to progressive discipline.

The Company's rules regarding alcohol and drug use were both triggered by the events of January 22, 1998. On that day, John Dolan, an employee of the Company and member of the Union, injured his hand while operating a press at the Company's Massillon, Ohio factory. The Company's Substance Abuse Policy requires that an employee receiving such an injury undergo a post-accident breathalyzer test and a urine drug screen. Dolan received both tests.

The breathalyzer test results were available immediately. They revealed that Dolan had a blood alcohol level of .18%, thus establishing that he was intoxicated while doing his duties. Consistent with the Substance Abuse Policy, the Company suspended Dolan. He could return to work only if he participated in a rehabilitation program.

The results of the drug screen became available on January 26, 1998. The results revealed that Dolan had tested positive for cannibinoids (marijuana). The Company notified Dolan that, under the Substance Abuse Policy, the Company immediately fired him from employment.

Soon after, the Union filed a grievance on Dolan's behalf, contesting his firing under the Substance Abuse Policy. As required under the CBA, they referred the dispute to an arbitrator whom they charged with deciding whether the Company had just cause for firing Dolan.[2]

On May 14, 1999, the arbitrator ordered Dolan's reinstatement after concluding the Company did not terminate him for just cause. Specifically, the arbitrator determined that the Company's Substance Abuse Policy is unreasonable in that it treats drug abuse more severely than alcohol abuse. According to the arbitrator, such disparate treatment lacks a medical, therapeutic, or business justification. Moreover, the arbitrator noted that the urine drug screen used by the Company could not pinpoint exactly when Dolan had used marijuana; thus, a positive test did not necessarily mean that he was under the influence of drugs while on the job.

The Company now asks the Court to vacate the arbitrator's award. The Company says the award is void in that it does not draw its essence from the CBA. In addition, the Company says the award violates the public policy against reinstating current drug users.

In response, the Union says the arbitrator's award is fully consistent with the

---

1. The arbitrator concluded that the Company was not required to bargain with the Union as to the contents of the Substance Abuse Policy. The Union has not claimed that the arbitrator erred in so finding.

2. Both parties stipulated that the issue before the arbitrator was whether the Company had just cause to discharge Dolan.

CBA, which expressly gives the arbitrator the right to decide whether a particular firing was based on just cause. Further, the Union disputes the existence of a public policy regarding the reinstatement of drug users

Alleging that there exists no genuine issue of material fact, both the Company and the Union seek judgment as a matter of law. The Court analyzes the parties' motions for summary judgment below.

## II. Discussion

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) states in pertinent part:

[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In considering a motion for summary judgment, the Court views the facts and all inferences drawn therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987); *SEC v. Blavin*, 760 F.2d 706, 710 (6th Cir.1985). The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *See 60 Ivy Street Corp.*, 822 F.2d at 1435.

Factual disputes about matters essential to adjudication preclude the Court from granting summary judgment. *See id.* But not every factual dispute prevents summary judgment. Rather, the disputed facts must be material. They must be facts that, under the substantive law governing the issue, might affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The factual dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the nonmoving party. *See id.* at 248, 106 S.Ct. 2505. While the disputed issue does not have to be resolved conclusively in favor of the nonmoving party, the nonmoving party must present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial. *See 60 Ivy Street*, 822 F.2d at 1435 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Thus, the Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question, and not to judge the evidence and make findings of fact. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *60 Ivy Street*, 822 F.2d at 1436 (quoting *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505).

### B. Arbitral Award and the CBA

When reviewing an arbitrator's construction of a collective bargaining agreement, courts apply "one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer–Stevens Co. v. United Steelworkers*, 913 F.2d 1166, 1169 (6th Cir.1990). This considerable deference stems from the strong federal policy in favor of enforcing arbitration agreements. *See Tennessee Valley Authority v. Tennessee Valley Trades and Labor Council*, 184 F.3d 510, 515 (6th Cir. 1999). When parties agree to arbitrate disputes arising under a collective bargaining agreement, they bargain for the arbitrator's interpretation and application of the agreement. *See Monroe Auto Equipment v. UAW*, 981 F.2d 261, 265 (6th

Cir.1992). Only in extraordinary circumstances will a court set aside that bargain.

■ Specifically, a court will enforce an arbitrator's award if it "draws its essence from the collective bargaining agreement." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). An award does not draw its essence from the collective bargaining agreement if:

> (1) it conflicts with express terms of the agreement; (2) it imposes additional requirements not expressly provided for in the agreement; (3) it is not rationally supported by or derived from the agreement; or (4) it is based on general considerations of fairness and equity instead of the exact terms of the agreement.

*General Truck Drivers v. Dayton Newspapers, Inc.*, 190 F.3d 434, 437 (6th Cir.1999).

■ Here, the Court finds that the arbitrator's award drew its essence from the CBA. First, the award does not conflict with the express provisions of the CBA. The CBA provides that the Company may discharge employees only for just cause, and that an arbitrator would have the final say about what is sufficient cause for firing. The arbitrator acted pursuant to this authority in finding Dolan had not been discharged for just cause.

Arguing otherwise, the Company says the arbitrator's award runs smack into the Substance Abuse Policy, which provides that an employee who fails a urine drug screen is subject to automatic discharge. Essentially, the Company suggests that this automatic discharge provision trumps the provision granting the arbitrator authority to decide what is just cause.

However, the CBA nowhere subordinates the arbitrator's authority to the discharge provisions of the Substance Abuse Policy. The CBA, then, contains two somewhat inconsistent provisions. The arbitrator resolved this inconsistency by interpreting the CBA to subject all discharges, including those mandated by the Substance Abuse Policy, to arbitral review for just cause. The Court finds no reason to set aside the arbitrator's reasonable interpretation of the CBA. *See Eberhard Foods, Inc. v. Handy*, 868 F.2d 890, 892–93 (6th Cir.1989) (finding that collective bargaining agreement gave arbitrator authority to review discharge for just cause though specific work rule mandated discharge on first offense).

Second, the arbitrator's award does not impose any additional requirements not expressly provided for in the CBA. The CBA prohibits the Company from discharging employees except for just cause. The arbitrator's award merely interprets and enforces this existing requirement, rather than impose a new one.

Third, the CBA rationally supports the award. The CBA, as interpreted by the arbitrator, subjects all discharges to arbitral review for just cause. Because the award resulted from the arbitrator's finding that Dolan's discharge was not based on just cause, it finds support in the CBA.

Finally, the arbitrator did not supplant the express terms of the CBA for his own brand of industrial justice in fashioning the award. In giving the arbitrator authority to decide what is just cause, the CBA authorizes the arbitrator to evaluate a discharge for fairness. Thus, in assessing the reasonableness of the automatic discharge provision, the arbitrator did no more than execute his duty as established by the CBA. *See Eberhard*, 868 F.2d at 893 (stating that "a contract may make considerations of fairness subject to arbitration in a determination of whether just cause exists for discharge . . .").

Based on the above, the Court finds that the arbitrator acted within his authority in setting aside Dolan's discharge. The Court now considers whether the arbitrator's award is unenforceable as violative of public policy.

## C. Arbitral Award and Public Policy

■ A court may refuse to enforce an otherwise valid arbitration award when that award violates some explicit public policy. *See W.R. Grace & Co. v. Local*

*Union 759,* 461 U.S. 757, 766, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983) (finding that "a court may not enforce a collective-bargaining agreement that is contrary to public policy"). However, this exception to the general enforceability of arbitration awards is narrow. *See Monroe Auto Equipment Co.,* 981 F.2d at 269 (stating that the Supreme Court did not "otherwise sanction a broad judicial power to set aside arbitration awards as against public policy"). The award must explicitly conflict with a "well defined and dominant" public policy derived from "the laws and legal precedents and not from general considerations of supposed public interests." *W.R. Grace & Co.,* 461 U.S. at 766, 103 S.Ct. 2177 (internal quotations omitted).

■ Here, the Company says the arbitrator's award violates the public policy against reinstating current drug users. However, the United States Court of Appeals for the Sixth Circuit has repeatedly rejected the Company's position. In *Tennessee Valley Authority,* the Sixth Circuit held that public policy did not prevent the enforcement of an arbitral award ordering the reinstatement of a nuclear plant employee who had tested positive for marijuana use. 184 F.3d at 520. Likewise, in *Monroe Auto Equip. Co.,* the Sixth Circuit rejected the employer's public policy argument and enforced an arbitrator's award ordering the reinstatement of a factory employee who failed a urine drug screen. 981 F.2d at 269.

In both of the cases cited above, the Sixth Circuit recognized that it is the reinstatement of the grieving employee, not the employee's underlying conduct, that must be evaluated in light of public policy. While public policy disfavors the use of illegal drugs, it does not prohibit the reinstatement of an employee whose drug test results reveals he has used marijuana at some point in the recent past. *See Tennessee Valley Authority,* 184 F.3d at 520; *Monroe Auto Equip. Co.,* 981 F.2d at 269. Therefore, the Court finds that public policy does not prevent the enforcement of the arbitrator's award.

### III. Conclusion

For the reasons set forth above, the Court denies the Company's motion for summary judgment. Further, having found the arbitrator's award both valid and enforceable, the Court grants summary judgment to the Union.

IT IS SO ORDERED.

### ORDER

The Court has entered its opinion in the above-captioned case. For the reasons stated therein, the Court denies the plaintiff's motion for summary judgment, and grants summary judgment to the defendant.

Accordingly, this action is terminated pursuant to Fed.R.Civ.P. 58.

IT IS SO ORDERED.