TEAMSTERS, CHAUFFEURS, WARE-
HOUSEMEN, HELPERS AND FOOD
PROCESSORS, LOCAL UNION 657,
Plaintiff-Appellant,

v.

STANLEY STRUCTURES, INC.,
Defendant-Appellee.

No. 83–1236.

United States Court of Appeals,
Fifth Circuit.

July 9, 1984.

**904**

Hicks, Gillespie & James, James . L. Hicks, Jr., Dallas, Tex., for plaintiff-appellant.

James T. Phelps, San Antonio, Tex., for defendant-appellee.

Before GOLDBERG, RUBIN, and REAVLEY, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

When an employer and a union contract that all disputes and controversies that may arise between them shall be settled by arbitration, they do not simply substitute an arbiter for a judge. They adopt a different method of dispute resolution. They alter pretrial procedures, the method of trial, the standards for admissibility of evidence, and the method of rendering a decision, and they limit the scope of judicial review of the arbitration award. Because the district judge vacated an arbitration decision that drew its essence from the collective bargaining agreement, we reverse the judgment and remand for enforcement of the award.

Stanley Structures suspended five employees for alleged gross misconduct during a strike, effective January 27, 1982. After conducting an investigation, the company discharged these five employees on February 19. The Teamsters, Chauffeurs, Warehousemen, Helpers and Food Processors Local Union objected to both the suspensions and the discharges. Pursuant to a collective bargaining agreement with Stanley, the union submitted to arbitration the company's failure to notify it and the employees that the employees would be or had been discharged within five working days of the occurrence of the alleged misconduct.[1]

Article XII of the collective bargaining agreement provides:

The Company may discharge or suspend any employee for service not deemed satisfactory, but in respect to such discharge or suspension the Company shall give at least one (1) warning notice of the complaint against the employee in writing, with a copy to the Union within five (5) working days after the occurrence of the offense upon which the Employer bases the discharge, suspension or warning notice. . . .

No warning notice need be given an employee before discharge if the cause of such discharge is ... gross misconduct. . . . The employees and/or Union shall have all rights of protesting warning letters, suspensions or discharges in accordance with the grievance procedure of this Agreement.

The union asserted before the arbitration committee that, because at least twenty-two days had passed between the time of occurrence of the offenses relied upon as cause for discharge and the actual discharge of the employees and between the event and the date of notice to them and the union, Stanley had breached the five-day promptness requirement imposed by the first paragraph of this provision. The committee agreed and ruled the employees' discharge improper.

When Stanley refused to comply with the arbitration committee's ruling, the union sought enforcement of the award. In response to cross-motions for summary judgment, the district court found that the committee "failed to consider whether the notice requirements ... of the agreement were suspended because of the gross misconduct of the employees in question." The court therefore remanded the case to the arbitration committee for express decision whether the notice requirements of the agreement were applicable to discharges for employee misconduct of the kind alleged. On remand the arbitration commit-

---

1. The record is inadequate to determine when the alleged misconduct occurred other than that it preceded the employees' suspension on January 27. The record is inadequate also to determine whether, how, and when Stanley notified the employees and the union of the suspensions.

tee reaffirmed its earlier decision, explaining:

> [U]nder Article XII(12) of the Contract, an employee discharged upon allegations of gross misconduct is not entitled to a prior written warning of the complaint against the employee. However, regardless of the cause for the discharge, the Employer is obligated to submit to the discharged employee and the Union a written notification within five (5) working days after the occurrence of the offense upon which the Employer bases the discharge. It is clear from the facts presented in this case that the Employer did not comply with this latter requirement.

Stanley still declined to comply with the arbitration award. The union filed a motion to enforce the award; the company filed a motion to vacate it. The district court disagreed with the arbitration committee's interpretation of Article XII, stating that the committee's interpretation contravened the express language of the bargaining agreement. It therefore granted Stanley's motion seeking a vacation of the award and dismissed the case with prejudice.

## I.

Judicial review in arbitration cases is constricted. In the Steelworkers Trilogy,[2] the Supreme Court set forth the basic framework for deciding questions concerning the relationship of federal courts to arbitration proceedings. "[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice.... [His] award is legitimate only so long as it draws its essence from the collective bargaining agreement." *United Steelworkers of America v. Enter-*prise *Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424, 1428 (1960). "[I]nterpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *Id.*, 363 U.S. at 599, 80 S.Ct. at 362, 4 L.Ed.2d at 1429.

■■■ Arbitration agreements do not grant arbitrators carte blanche, so federal courts have the power to vacate awards that are arbitrary or capricious. An arbitrator may not disregard or modify plain and unambiguous provisions of the agreement.[3] His award must have a "foundation in reason or fact." *International Association of Machinists and Aerospace Workers, District No. 145 v. Modern Air Transport, Inc.*, 495 F.2d 1241, 1244 (5th Cir.1974). But an award should be enforced so long as it has a basis that is "rationally inferable, if not obviously drawn, from the letter or purpose of the collective bargaining agreement." *Brotherhood of Railroad Trainmen v. Central Georgia Railway Co.*, 415 F.2d 403, 412 (5th Cir.), *cert. denied*, 396 U.S. 1008, 90 S.Ct. 564, 24 L.Ed.2d 500 (1969).

■■■ The interpretation of the notice requirements of Article XII is for the arbitrator, not the court. The parties bargained for the arbitrator's decision and agreed to be bound by it. That decision derives its essence from the agreement, which is all that is required. We do not even "parse the reasoning of the arbitrator," for "that is not within our authority" so long as his decision "was ... based upon the provisions of the collective bargaining agree-

2. *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

3. *Storer Broadcasting Co. v. American Fed'n of Television and Radio Artists, Cleveland Local*, 600 F.2d 45, 47 (6th Cir.1979).

ment." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo*, 726 F.2d 166, 167 (5th Cir.1984).

■ The arbitral decision here patently did so. It was not irrational for the committee to read the first paragraph of Article XII as creating two obligations: to give employees a probation-like warning notice of inadequate or improper performance other than gross misconduct and to give employees and their union prompt (i.e., within five days of the catalyst-offense) notice of disciplinary action.[4] It is not fanciful to believe that such a warning enables an employee to mend his ways or suffer the consequences. If an employee engages in gross misconduct, the reasoning might run, he is denied that warning by the second paragraph of Article XII and the employer may terminate him at once. Nevertheless, the employer must discharge the employee and notify him and the union within five days of the offensive conduct. Such prompt notice might prevent the employer from relying upon an occurrence long past as justification for a discharge without warning and thereby enable employees and the union to prosecute grievances before recollections become stale.

■ Stanley also complains that the committee did not address all of the issues presented. The committee's decision rested on an adequate basis. Federal courts do not superintend arbitration proceedings. Our review is restricted to determining whether the procedure was fundamentally unfair. *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.*, 607 F.2d 649, 651 (5th Cir.1979). The issue presented was substantively arbitrable, in the sense that it was within the contractual jurisdiction of the arbitration committee.

Stanley asserts, however, that the dispute was not procedurally arbitrable because the union filed grievances on the employees' behalf, contrary to a provision of the bargaining agreement that arguably requires the employees themselves to file. This is not a matter of judicial concern. For Stanley had notice of the grievances against it and an opportunity to be heard. It thus received industrial due process. *See id.*

■ "[F]rivolous and wasteful judicial challenge to conscientious and fair arbitration decisions" will not be countenanced. *International Association of Machinists and Aerospace Workers, District 776 v. Texas Steel Co.*, 538 F.2d 1116, 1122 (5th Cir.1976), *cert. denied*, 429 U.S. 1095, 97 S.Ct. 1110, 51 L.Ed.2d 542 (1977).[5] The district court having found Stanley's refusal to abide by the award correct, however, we cannot consider a challenge that received the endorsement of a district judge unfounded. We therefore deny the request for attorney's fees.

Accordingly, the judgment of the district court is reversed and the case is remanded for entry of an order enforcing the arbitration award.

REVERSED AND REMANDED.

---

4. The five-day notice requirement appears in a confusing sentence that begins with reference to discharge and suspension, then addresses warning notice, and finally ends with reference to all three disciplinary actions. The sentence that eliminates notice requirements under circumstances of gross misconduct, by contrast, refers solely to warning notice.

5. *See also Local No. 370, Bakery, Confectionery and Tobacco Workers International Union of America v. Cotton Bros. Baking Co.*, 672 F.2d 562, 564 (5th Cir.1982).