**FEDERAL PACKAGING CORPORATION,**
Plaintiff,

v.

**UNITED PAPERWORKERS INTERNATIONAL UNION, LOCAL 150, Defendant.**

No. 1:96CV1312.

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 30, 1996.

Robert M. Lamb, Denlinger, Rosenthal & Greenberg, Cincinnati, OH, for Plaintiff.

Michael Ernest Jackson, Melvin S. Schwarzwald, Ann E. Knuth, Schwarzwald & Rock, Cleveland, OH, for Defendant.

### MEMORANDUM OF OPINION AND ORDER

MATIA, District Judge.

This case is once again before the Court for a review of the award issued by arbitrator Jerry A. Fullmer in the matter of the discharge of Robert Basham by plaintiff Federal Packaging Corporation. The case is ripe for adjudication on the basis of the memoranda submitted by the parties. The Court has considered these submissions

(Docs. 2, 10, 13, 16), as well as documents from the prior related case involving arbitrator Fullmer's first award in this matter (Case No. 1:95CV1692). For the following reasons, the Court grants the defendant's motion for summary judgment and to enforce the award (Doc. 8), and denies the plaintiff's motion to vacate (Doc. 1).

## I. Procedural History

As noted above, the within matter is before this Court for the second time. The case concerns the discharge of Robert Basham from the employment of the plaintiff, the ensuing grievance by defendant United Paperworkers International Union, Local 150, and the plaintiff's efforts to have vacated the arbitration award issued thereon.

Basham was discharged by the defendant for insubordination. Arbitrating Basham's grievance pursuant to the Collective Bargaining Agreement ("the CBA"), the parties presented the following issue to the arbitrator: "Was the discharge of the Grievant, Robert Basham, on November 23, 1994, for just cause? If not, what shall be the remedy?" In an award entered on June 14, 1995 ("the first award"), the arbitrator concluded that Basham was insubordinate, but not in an aggravated or extremely serious sense. The arbitrator then discussed the company's prior treatment of Basham, noting the previous lenience that the company had demonstrated, and further noting that sudden discharge constituted a fundamental change in that stance without prior notice to Basham. This, according to the arbitrator, violated the company's duty to deal with Basham fairly and "on the basis of the fundamental canons of discipline." The discharge penalty was therefore reduced to a 30-day suspension without pay.

In its memorandum of opinion and order issued on January 19, 1996, in case No. 1:95CV1692,[1] this Court reviewed the first award, and concluded that the arbitrator had failed to answer the threshold question presented to him by the parties; namely, whether Basham's discharge was supported by just cause. Instead, the arbitrator discussed extensively his notions of fairness and progressive discipline, which he ultimately relied upon to overturn the discharge. Since the concepts on which the arbitrator relied were not evident in the language of the CBA, this Court vacated the first award and remanded the matter for further proceedings not inconsistent with its opinion.

After accepting additional briefs that incorporated this Court's vacation of the first award into the parties' discussion of the issues, arbitrator Fullmer issued a second award based on those briefs and on the record from the initial proceeding. The second award likewise invalidated the discharge, but instead of reducing Basham's penalty to a suspension as had the first award, the penalty was eliminated entirely.

The Company contends that the second award is substantively the same as the first, and must be vacated for the same reasons. The Union claims that the second award is cured of the infirmities identified by this Court's vacation of the first award, and must therefore be upheld.

## II. Standard of Review

■■■ "The standard of review in arbitration cases is very narrow." *Mercy Hospital v. Hospital Employees Division of Local 79,* 23 F.3d 1080, 1083 (6th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 421, 130 L.Ed.2d 335 (1994), *quoting Anaconda v. District Lodge No. 27, International Assn. of Machinists,* 693 F.2d 35, 36 (6th Cir.1982). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers International Union v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987). "It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *United Steelworkers v.*

---

1. The Court hereby incorporates that document as part of the instant opinion.

*Enterprise Corp.,* 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960).

■■ However,

[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from any sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.

*Id.* at 597, 80 S.Ct. at 1361. "An award may fail to draw its essence from the agreement when (1) an award conflicts with express terms of the collective bargaining agreement, (2) an award imposes additional requirements that are not expressly provided in the agreement, (3) an award is without rational support or cannot be rationally derived from the terms of the agreement, and[2] (4) an award is based on general considerations of fairness and equity instead of the precise terms of the agreement. . . ." (Citations omitted). *Cement Divisions, National Gypsum Co. v. United Steelworkers,* 793 F.2d 759, 766 (6th Cir.1986).

2. The parties disagree over whether any one of these grounds justifies vacation of an award, or whether they must all be met. The *Cement Divisions* court used "and" to join the list, which normally indicates a conjunctive usage. However, the cases which are cited in support of each ground utilize that ground independent of the others as authority to hold that an arbitrator exceeded his authority.

In fact, the *Cement Divisions* court itself vacated a portion of the award at issue in that case based only on a finding that it violated the first enumerated ground. The Sixth Circuit again appeared to apply the factors disjunctively in a subsequent case, when it noted that "[w]hether the arbitrator's decision is viewed as disregarding or modifying plain and unambiguous provisions of the bargaining agreement, or as imposing additional requirements that are not expressly provided in the agreement, we are in accord with the district court's conclusion that the arbitrator exceeded his authority." *Dobbs, Inc. v. Local 614 Int. Brotherhood of Teamsters,* 813 F.2d 85, 87 (6th Cir.1987). A more recent Sixth Circuit decision held that,

## III. The Second Award

Aside from its modified treatment of Basham's penalty, the second award is largely the same as the first with one important exception: The second award, unlike the first, classifies the arbitrator's notions of fairness, progressive discipline, and notice under the contractual rubric of just cause. Vacation of the first award was necessary because it was based on considerations that were not found in the CBA. However, the same criticism cannot be leveled at the second award. This time, the arbitrator explicitly finds that no just cause existed for the Basham discharge. Because he interprets the CBA to require just cause for any termination, his second award nullifies the disciplinary action taken against grievant Basham.

■ The arbitrator identifies the following contractual provisions as potentially applicable to his second award: (1) Article 3, which gives the company authority over personnel decisions, and protects the company against any perceived waiver of its rights to discipline its employees based on prior failure to exercise those rights; (2) Article 6, which provides that any discharge of a non-probationary employee must be for just cause; and (3) Article 7, which prohibits the arbitrator from adding to, subtracting from, or modifying the terms of the CBA.[3]

"an award fails to derive its essence from the collective bargaining agreement when it conflicts with express terms of the agreement." *Ficks Reed Co. v. Allied Industrial Workers of America,* 965 F.2d 123 (6th Cir.1992), while yet another actually restated the holding of *Cement Divisions,* replacing the conjunctive *and* with a disjunctive *or. Dallas and Mavis Forwarding Co., Inc. v. General Drivers, Warehousemen and Helpers,* 972 F.2d 129, 134 (6th Cir.1992), *cert. denied,* 506 U.S. 1051, 113 S.Ct. 973, 122 L.Ed.2d 128.

This Court believes that the more rational view is that the award must be vacated if it violates *any* of the four grounds enumerated in *Cement Divisions.*

3. It should be noted that the first award contained no reference to Article 6 (in fact the term "just cause" appeared nowhere in either the "discussion" or "award" sections of the first opinion), and that neither opinion refers to the work rule on insubordination, which provides that employees are subject to termination for the first such offense. However it must also be noted that according to the Supreme Court in *Unit-*

## IV. Analysis

A tension exists between the employer's apparently unfettered right to discharge, and the just cause limitation on the exercise of that right. However, a similar tension existed in prior Sixth Circuit cases involving fact patterns strikingly similar to that presented in the case under review. In *Eberhard Foods*, the appellee was discharged pursuant to a work rule that prohibited fighting on company property and subjected an employee to discharge for the first such offense. The CBA in that case contained a provision vesting the right to discharge for cause within the sole discretion of the employer, but the company was prohibited by the CBA from terminating an employee without just cause. The CBA at issue in *Dixie Warehouse* contained substantially the same provisions, and provided for first-offense termination in the case of alcohol use while on duty. The arbitrators in those cases, as in this one, found that the employees had committed the offenses for which the contract permitted immediate discharge. The Court applied the following reasoning in both cases:

> This combination of provisions could mean that the sanction imposed by the employer is unreviewable by the arbitrator or that the arbitrator can decide whether there is "just cause" for the particular sanction imposed.... There is nothing ... in the CBA or work rules which expressly limits or removes from the arbitrator the authority to review the remedy in this case. *Misco, supra,* says that in such an instance, the courts must defer to the arbitrator's construction of the contract.

*Eberhard Foods,* 868 F.2d at 892. *See also, Bruce Hardwood Floors v. So. Coun. of Ind. Workers,* 8 F.3d 1104 (6th Cir.1993) (Relying on *Eberhard Foods* and *Dixie Warehouse* to uphold the arbitrator's award in favor of the union, interpreting just cause language in the CBA to prevail over the apparently explicit right of the employer to immediately discharge an employee for commission of a given offense). The arbitrator has construed the just cause limitation of Article 6 to modify the company's right to discharge employees found both in Article 3 and the work rule on insubordination,[4] and it is his construction that is controlling.

The plaintiff relies on *Dobbs, Inc. v. Local 614, Int. Bro. of Teamsters,* 813 F.2d 85 (6th Cir.1987) and *International Brotherhood of Firemen and Oilers, Local No. 935–B v. Nestle Co.,* 630 F.2d 474 (6th Cir.1980) in support of its position. In both cases, the Sixth Circuit vacated arbitration awards that denied companies their apparent right to discharge employees that had violated express contractual provisions.

In *Nestle,* however, the CBA specifically defined "just cause" to include the offense committed by the employee, and provided that commission of that offense *"shall* constitute cause for dismissal." *Nestle,* 630 F.2d at 475. (Emphasis in original). *See also Kar Nut Products v. Local No. 337,* 798 F.Supp. 1303, 1308 (E.D.Mich.1992) ("Because *Misco* narrowed the standard of review beyond that in *Nestle,* it is questionable whether a case like *Nestle* would be similarly decided today.")

Likewise in *Dobbs,* the CBA vested in management the right to discharge for cause, and a work rule provided for immediate termination of any employee with three or more incidents of tardiness during a calendar month. *Id.* at 87. *Dobbs* is also distinguishable, however, because it did not deal with the issue of just cause to discharge a grievant. Rather, it upheld the vacation of an

---

ed *Paperworkers v. Misco,* 484 U.S. 29, 38, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987), "the parties having authorized the arbitrator to give meaning to the language of the agreement, (and) a court should not reject an award on the ground that the arbitrator misread the contract." In the absence of an explicit provision prohibiting the arbitrator from reviewing the measures enacted by the company, this Court is required to defer to the arbitrator's view of which provisions of the CBA are important or controlling, and which are not worthy of discussion. *Dixie Warehouse and*

*Cartage v. General Drivers,* 898 F.2d 507, 510 (6th Cir.1990); *Eberhard Foods, Inc. v. Handy,* 868 F.2d 890 (6th Cir.1989).

4. Although Arbitrator Fullmer does not mention it in his second award, the preamble to the section entitled "work rules" states that "[i]n individual cases, more or less severe discipline may be required due to the circumstances." This language would seem to support his broad application of the just cause provision throughout the CBA.

award because the arbitrator had "creat(ed) a contract of his own, rather than applying the contract agreed to by the parties...." *Id.* at 88. Furthermore, like *Nestle*, *Dobbs* was decided before the Supreme Court's ruling in *Misco* "again advised lower federal courts to be more deferential to the arbitration process." *Eberhard Foods*, 868 F.2d at 891.

## V. Conclusion

It should be noted that the issue raised in this case is a difficult one, and that the circuits appear to be split on its resolution. The most recent opinion on point, which comes from the Fourth Circuit, holds that a CBA provision requiring just cause for termination does *not* override a company's right to discharge an employee for violation of an explicit contractual provision: "[T]he words 'proper cause' of the CBA cannot be used as a loophole through which the arbitrator bypasses the Drug Policy's mandatory language to implement his own brand of industrial justice. In reinstating Watson, the arbitrator illegally created an exception to the strict application of the Drug Policy's mandatory termination." *Mountaineer Gas v. Oil, Chemical & Atomic Workers*, 76 F.3d 606, 610 (4th Cir.1996), petition for cert. filed, 6/18/96.[5] *Accord, Warrior and Gulf Navigation Co. v. United Steelworkers of America, AFL–CIO–CLC*, 996 F.2d 279, 281 (11th Cir. 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1834, 128 L.Ed.2d 462 (1994) (Because "express language gives management the complete discretion to fire an employee ... we conclude as a matter of law that Warrior ... had 'just cause' to fire Files."); *Delta Queen Steamboat Co. v. Dist. 2 Marine Eng.*, 889 F.2d 599, 604 (5th Cir.1989), *cert. denied*, 498 U.S. 853, 111 S.Ct. 148, 112 L.Ed.2d 114 (1990) (Recognizing "the emerging trend among other courts of appeals (is) that arbitral action contrary to express contractual provisions will not be respected."); *contra, Kewanee Machinery Division v. Local U. No. 21, Intern. Bro.*, 593 F.2d 314, 318 (8th Cir.1979).

Obviously, however, it is not this Court's function to question what it understands to be the clear precedent of the circuit in which it sits. Accordingly, for the foregoing reasons, the defendant's motion for summary judgment and application for enforcement of the arbitration award (Doc. 8) is GRANTED, and the plaintiff's motion to vacate the award (Doc. 1) is DENIED. The defendant's requests for attorney's fees and pre-judgment interest contained in its motion are DENIED.

IT IS SO ORDERED.

### *JUDGMENT ENTRY*

The Court, having filed its memorandum of opinion and order, hereby grants summary judgment in the above-captioned case in favor of the defendant, United Paperworkers International Union, Local 150, and against the plaintiff, Federal Packaging Corporation.

IT IS SO ORDERED.

5. Despite the court's use of the term "mandatory", there is no indication from the excerpted portions of the CBA that the termination provision was phrased in mandatory terms as it was in *Nestle*. The CBA provision at issue in *Mountaineer Gas* simply vested in the company discretion for hiring and firing, as does the CBA at issue in the instant case.