## OHIO COUNCIL 8, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO,

### and

### Local 2026, American Federation of State, County and Municipal Employees, AFL–CIO, Plaintiffs,

### v.

## TRUMBULL MEMORIAL HOSPITAL, Defendant.

### No. 4:00–CV–1739.

United States District Court, N.D. Ohio, Eastern Division.

Dec. 15, 2000.

Peter M. McLinden, AFSCME Ohio Council 8, R. Sean Grayson, Ohio Council 8, AFSCME, AFL–CIO, Worthington, OH, for Ohio Council 8, American Federation of State, County and Municipal Employees, AFL–CIO, Local 2026, American Federation of State, County and Municipal employees, AFL–CIO, Plaintiffs.

Jason P. Parker, Harrington, Hoppe & Mitchell, Ltd, Warren, OH, Kimberly F. Seten, Constangy, Brooks & Smith, LLC, Kansas City, MO, Ned C. Gold, Jr., Harrington, Hoppe & Mitchell, Warren, OH, Robert J. Janowitz, Constangy, Brooks & Smith, LLC, Kansas City, MO, for Trumbull Memorial Hospital, Defendant.

## OPINION

GWIN, District Judge.

On July 13, 2000, Plaintiffs Ohio Council 8, American Federation of State, County, and Municipal Employees, AFL–CIO and Local 2026, American Federation of State, County, and Municipal Employees, AFL–CIO (collectively referred to hereafter as the "Union") filed a joint application for confirmation of an arbitration award. That arbitration award resulted from a grievance the Union made against Defendant Trumbull Memorial Hospital ("Trumbull Memorial"). The Union and Trumbull Memorial have filed cross-motions for summary judgment on the Union's application [Docs. 25 & 26]. For the reasons set forth below, the Court grants judgment to the Union and confirms the arbitration award.

### I.

In this case, the Court decides whether to confirm an arbitration award construing the parties' collective bargaining agreement. That award stops Defendant Trumbull Memorial from allowing non-bargaining unit employees to assist its surgeons during operations. Plaintiff Union insists the award is subject to confirmation under § 301 of the Labor Management Relations Act. However, Trumbull Memorial says

this award should not be confirmed because it no longer relates to an actual controversy and because it violates public policy.[1]

Defendant Trumbull Memorial owns and operates a hospital in Warren, Ohio. Plaintiff Union represents a bargaining unit of nearly 500 registered nurses employed at this hospital. The parties have entered a collective bargaining agreement ("Agreement") that governs the relationship between Trumbull Memorial and the bargaining unit employees.

In April 1999, Plaintiff Union filed a grievance claiming that Defendant Trumbull Memorial violated the Agreement by allowing one of its surgeons, Dr. Pulliam, to hire and exclusively use his own physician's assistant during surgeries. This assistant, Tammy Mohan, is not a member of the bargaining unit.

In its grievance, the Union argued that registered nurse first assistants within the bargaining unit typically assist surgeons. By allowing Mohan to assist Dr. Pulliam, the Union says Trumbull Memorial unreasonably eroded the work of the registered nurse first assistants, in violation of Article 18 of the Agreement. This provision prohibits erosion of bargaining unit work:

### ARTICLE 18
### JOB EROSION

The Hospital will not unreasonably erode the work of bargaining unit employees through the reassignment of bargaining unit work to non-bargaining unit employees.

Pursuant to the Agreement, Plaintiff Union and Defendant Trumbull Memorial submitted their grievance to final and binding arbitration. In October 1999, the parties presented their case to an arbitrator. The arbitrator gave her award in February 2000.

The arbitrator sustained Plaintiff Union's grievance. Accordingly, the arbitrator ordered that Defendant Trumbull Memorial "may not use physician's assistants to displace bargaining unit employees in the operating room."

Plaintiff Union now seeks confirmation of this award. The Court considers the Union's application for confirmation below.

### II.

A court may grant summary judgment only if the materials properly before the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *See 60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). In deciding whether the moving party has met this burden, a court must view the facts and all inferences drawn therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

A factual dispute precludes summary judgment only if it is material, that is, if it relates to a matter essential to adjudication. The dispute must concern facts that, under the substantive law governing the issue, might affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The factual dispute must also be genuine. The facts must be such that if they

---

**1.** In its motion for summary judgment, Defendant Trumbull Memorial contends that the arbitration award should not be confirmed because it does not draw its essence from the collective bargaining agreement. However, Trumbull Memorial did not raise this argument in an earlier motion to vacate or modify the arbitration award. Because the time for filing such a motion his elapsed, Trumbull Memorial cannot rely on this argument as a defense to confirmation of the award. *Occidental Chemical Corp. v. Int'l Chemical Workers Union, Local 820*, 853 F.2d 1310, 1317 (6th Cir.1988); *Professional Admin. Ltd. v. Kopper–Glo Fuel, Inc.*, 819 F.2d 639, 642 (6th Cir.1987).

were proven at trial a reasonable jury could return a verdict for the nonmoving party. *See id.* at 248, 106 S.Ct. 2505. The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial. *See 60 Ivy Street,* 822 F.2d at 1435 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Thus, the judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *60 Ivy Street,* 822 F.2d at 1436 (quoting *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505). Accordingly, viewing the evidence in the light most favorable to the nonmoving party, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251, 106 S.Ct. 2505.

### III.

■ Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, allows a labor organization to sue an employer in federal district court for violation of a collective bargaining agreement. Such a suit may seek confirmation of an arbitration award resolving a grievance between the employer and the labor organization.

Here, Plaintiff Union seeks confirmation of the arbitration award entered against Defendant Trumbull Memorial. Trumbull Memorial asks the Court to refuse confirmation of the award.

Specifically, Trumbull Memorial says this matter is moot because Dr. Pulliam no longer employs Tammy Mohan as his physician's assistant. With the underlying dispute now resolved, Trumbull Memorial contends this Court no longer has jurisdiction to confirm the arbitration award.

■ Defendant Trumbull Memorial cites no legal authority in support of this proposition. This is no surprise. An arbitration confirmation proceeding does not ask the Court to substantively resolve a particular dispute. As a result, the voluntary resolution of the dispute does not necessarily deprive the Court of jurisdiction under Article III of the United States Constitution. Rather, confirmation is a summary proceeding where the Court merely converts an arbitration award into a final judgment. *International Brotherhood of Electrical Workers, Local 429 v. Toshiba America, Inc.,* 879 F.2d 208, 209 (6th Cir.1989) (stating that "when the grievance process has been exhausted, the courts have nothing left to do but enforce the award"); *see also Booth v. Hume Publishing,* 902 F.2d 925, 932 (11th Cir.1990) (discussing summary nature of confirmation proceeding under Federal Arbitration Act); *Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir.1986) (same). In so doing, the Court itself does not adjudicate the parties' dispute, but only gives legal effect to the resolution the parties bargained for by agreeing to arbitrate the matter.

Accordingly, the resolution of a dispute after an award but before confirmation does not deprive this Court of jurisdiction to confirm the award. An opposite conclusion would lead to an absurd result. A losing party could comply with an unfavorable arbitral ruling until the time limit for seeking confirmation of the award has expired, and then simply revert to its prior course of conduct without violating an actual judgment. Such a result would do

violence to the federal policy recognizing arbitration as an efficient manner of reaching a final resolution of labor-management disputes. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) (recognizing federal policy in favor of maintaining industrial peace through arbitration of grievances).

Defendant Trumbull Memorial next argues that if the Court has jurisdiction to confirm the arbitration award it should refuse to do so because the award violates public policy. Specifically, Trumbull Memorial says the award "violates the established public policy of the State of Ohio regarding patient care because it leaves no room for the surgeon's critical discretion."

■ The Court "may refuse to enforce an otherwise valid arbitration award when that award violated some explicit public policy." *W.R. Grace & Co. v. Local Union 759, Int' Union of the United Rubber Workers*, 461 U.S. 757, 766, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983). However, "the public policy exception to the general deference afforded arbitration awards is very limited." *Shelby County Health Care Corp. v. A.F.S.C.M.E, Local 1733*, 967 F.2d 1091, 1095 (6th Cir.1992). Courts considering the public policy exception "have emphasized that this exception ... 'does not otherwise sanction a broad judicial power to set aside arbitration awards as against public policy.'" *Id.* (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987)).

■ To refuse confirmation of an arbitration award on public policy grounds, the Court must find that the arbitration decision conflicts with a "well defined and dominant" public policy derived from "the laws and legal precedents...." *W.R.*

*Grace & Co.*, 461 U.S. at 766, 103 S.Ct. 2177 (internal quotations omitted). Further, "the conflict between the public policy and the arbitration award must be explicit and clearly shown." *Misco*, 484 U.S. at 43, 108 S.Ct. 364.

■ Here, the Court finds no public policy basis for refusing to confirm the arbitration award in favor of Plaintiff Union.[2] Relying primarily on various provisions of the Ohio Administrative Code, Defendant Trumbull Memorial says Ohio has endorsed a public policy in favor of "patient care." But such a policy is far too broad to constitute a "well defined" public policy sufficient to prevent confirmation of an arbitration award. While quality patient care clearly furthers the public good, such generalized notions of the public interest do not make for an explicit and specific public policy.

But even if an amorphous public policy in favor of "patient care" could prevent confirmation of an arbitration award, the award at issue in this case would in no way violate such a policy. The arbitrator's award, in practical effect, merely requires surgeons at Defendant Trumbull Memorial to receive assistance from registered nurse first assistants during surgery rather than physician's assistants from outside of the bargaining unit. Trumbull Memorial offers no evidence suggesting the use of registered nurse first assistants compromises quality patient care. By all accounts, registered nurse first assistants perform ably when called up on to assist a surgeon. The Court will not engage in speculation as to the potential shortcomings of professionals who have consistently done their jobs competently.

In sum, Defendant Trumbull Memorial's attempt to prevent the confirmation of the arbitration award fails. Trumbull Memo-

**2.** Plaintiff Union suggests that Defendant Trumbull Memorial cannot raise a public policy objection to the award because it failed to raise this argument in a motion to vacate or modify the arbitration award. However, a public policy challenge to an arbitration award need not have been previously asserted in a motion to vacate or modify the award. *See Occidental Chemical Corp.*, 853 F.2d at 1317; *Professional Administrators Ltd.*, 819 F.2d at 642.

rial has not presented a persuasive argument as to the Court's lack of jurisdiction to confirm the award. Nor has Trumbull Memorial demonstrated how this award violates any well-defined public policy.

### IV.

Based on the foregoing, the Court grants summary judgment to Plaintiff Union. Accordingly, the Court confirms the arbitration award entered against Defendant Trumbull Memorial.

IT IS SO ORDERED.