**IBEW LOCAL NO. 573, Plaintiff,**

v.

**STEEN ELECTRIC, INC., Defendant.**

**No. 502CV307.**

United States District Court,
N.D. Ohio,
Eastern Division.

Oct. 3, 2002.

---

Dennis Haines, Shawn D. Scharf, Green Haines Sgambati, Youngstown, OH, for plaintiff.

Jon R. Steen, Youngstown, OH, Tim Tusek, Boardman, OH, for defendant.

## MEMORANDUM OPINION AND ORDER

LIMBERT, United States Magistrate Judge.

Plaintiff International Brotherhood of Electrical Workers (IBEW) Local No. 573 (Plaintiff) moves this Court for summary judgment in the instant case pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* ECF Dkt. # 21. Based on the pleadings, the deposition of Robert Steen, and the affidavit of Mark Catello, Plaintiff contends there are no disputed issues of fact, and that it is entitled to judgment as a matter of law against Defendant Steen Electric, Inc. (Defendant). *See id.* Defendant responded by filing a memorandum in opposition, and Plaintiff replied. *See* ECF Dkt. ## 34, 35, respectively.

In its motion for summary judgment, Plaintiff requests that the Court issue an order:

1. enforcing the ruling issued by the Labor–Management Committee on November 9, 2001;
2. directing Defendant Steen Electric, Inc. to pay interest at 10% from the date of the ruling until the date this Court enters its judgment in accordance with this Court's decision in *Roemer, infra;* and

3. awarding Plaintiff costs and attorney fees incurred in this action.

*See* ECF Dkt. # 35 at 5–6. Based upon the arguments presented in Plaintiff's motion for summary judgment and reply memorandum, the Court GRANTS Plaintiff's motion for summary judgment. *See* ECF Dkt. # 21. Accordingly, the Court ORDERS that the ruling issued by the Labor–Management Committee on November 8, 2001 awarding Plaintiff $4,402.40 be confirmed and directs Defendant to pay interest at 10% per annum on the $4,402.40 award amount from the date of the Labor–Management Committee ruling on November 8, 2001 until the date this Court enters its judgment. On October 8, 2002, at 9:00 a.m.[1], the Court will conduct a hearing to determine whether costs and attorneys' fees are to be awarded to Plaintiff, and if so, the appropriate amount of costs and attorneys' fees.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff International Brotherhood of Electrical Workers (IBEW) Local No. 573 (Plaintiff) brought the instant action to enforce a Labor–Management Committee ruling against Defendant Steen Electric, Inc. (Defendant). *See* ECF Dkt. # 1. Plaintiff is a labor organization and the collective bargaining representative of electrical workers employed by Defendant. *See id.* at ¶¶ 2, 3, *and* ECF Dkt. # 7 at ¶¶ 1,2.

Plaintiff and Defendant are parties to a collective bargaining agreement. *See* ECF Dkt. # 1 at ¶ 3, attachment 1, *and* ECF Dkt. # 7 at¶ 1. The collective bargaining agreement prohibits the subcontracting of covered electrical work by Defendant to a person, firm or corporation not recognizing the International Brotherhood of Electrical Workers or one of its

---

1. The same date and time as the originally scheduled final pretrial in the instant action.

local unions. *See* ECF Dkt. # 1, attachment 1. The collective bargaining agreement provides:

"The subletting, assigning or transfer by an individual Employer of any work in connection with electrical work to any person, firm or corporation not recognizing the I.B.E.W. or one of its Local Unions as the collective bargaining representative of his employees on any electrical work in the jurisdiction of this or any other Local Union to be performed at the site of the construction, alteration, painting or repair of a building, structure or other work, will be deemed a material breach of this Agreement."

*Id.* at 12. The collective bargaining agreement also provides that disputes under this provision are resolved by the following arbitration language:

"All charges or violations of Paragraph 2 of this Section shall be considered as a dispute and shall be processed in accordance with the provisions of this Agreement covering the procedure for the handling of grievances and the final and binding resolution of disputes."

*Id.* at 12. The provisions for resolving disputes that arise under the collective bargaining agreement are set out in Article 1. *See id.* That Article provides, in relevant part:

"Section 1.05. There shall be a Labor–Management Committee of three representing the Union and three representing the Employers...

Section 1.06. All grievances or questions in dispute shall be adjusted by the duly authorized representatives of each of the parties to this Agreement. In the event that these two are unable to adjust any matter within 48 hours, they shall refer the same to the Labor–Management Committee.

Section 1.07. All matters coming before the Labor–Management Committee shall be decided by a majority vote....each party shall have the right to cast the full vote of its membership and it shall be counted as though all were present and voting."

*Id.* at 3.

A dispute arose between the parties concerning Defendant's use of a subcontractor in violation of the above-quoted language contained in the collective bargaining agreement. *See supra.* The parties were unable to resolve the dispute and it was submitted to the Labor–Management Committee for resolution. *See* ECF Dkt. # 21 at 4. After a hearing, a unanimous Labor–Management Committee determined that Defendant did violate the subcontracting provisions of the collective bargaining agreement. *See id.* Defendant was so advised in a letter dated November 9, 2001, which stated, in relevant part:

"The following is the decision of the Labor–Management committee meeting of November 8, 2001 . . .

Subletting—Article II, Section 2.20— You have been found in violation of subletting electrical work to a non-signatory contractor (Wartko Construction of Kent, OH) in IBEW Local Union # 573's jurisdiction. The penalty for this violation is calculated on 160 total hours of work. The first 80 hours is based on the total package for a Journeyman Wireman or $33.78 per hour. The second 80 hours is based on the total package for a 2nd year apprentice rate or $21.25 per hour. This is a total penalty of $4,402.40. This amount is payable to IBEW Local Union # 573. These monies will be given to the first available workers on the out of work list as per the Department of Labor...

You have until December 1, 2001 to abide by this decision from the Joint Labor–Management Committee."

*Id.* The letter was signed by the representative for both the Union and the Employers.

In its Answer, Defendant acknowledged that "the Collective Bargaining Agreement provides for the resolution of disputes between the Union and signatory employers through a grievance procedure which provides for the method for resolving unsettled grievances..." ECF Dkt. # 7 at ¶ 3. Defendant also admitted that "a dispute arose between Plaintiff [Union] and Defendant [Company] and admits that an award was made against Defendant in the amount of $4,402.40..." *Id.* at ¶ 4.

Robert Steen is the President of Defendant. *See* ECF Dkt. # 21, attachment 2 at 5. Mr. Steen acknowledged that the collective bargaining agreement attached was in effect when the subcontracting dispute arose. *See id.* at 8, 9. "Warko Construction provided," Mr. Steen testified, "subcontract services in the geographical area under 573's jurisdiction." *Id.* at 14. Mr. Steen also acknowledged that he received notice of the grievance filed by Plaintiff and that he attended and testified at the Labor–Management Committee hearing. *See id.* at 9, 10. Mr. Steen agreed that "the joint labor management committee found that that was 573 work, and found that you were in violation of your subcontract clause." *See id.* at 15. Steen acknowledged that he received the decision. *See id.* at 19.

Defendant did not pay the $4,402.40 award specified in the Labor–Management Committee ruling which prompted Plaintiff to file the instant action on February 19, 2002. *See* ECF Dkt. # 1, *and* ECF Dkt. # 21, attachment 1. Defendant answered on March 11, 2002. *See* ECF Dkt. # 7. Plaintiff emphasizes that Defendant failed to move to vacate or set aside the Labor–Management Committee ruling, but rather only urged a series of procedural arguments in its answer and in its response to the instant motion for summary judgment. *See* ECF Dkt. # 21 at 6. Plaintiff argues that is it entitled to summary judgment and its requested relief because Defendant did not preserve any of its procedural defenses through its failure to move to vacate or set aside the Labor–Management Committee ruling. *See id.* at 7.

## II. STANDARD OF REVIEW

### A. Summary Judgment

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the Court. *See Allen v. Wood,* 970 F.Supp. 824, 828 (E.D.Wash.1997). Similarly, the function of summary judgment is to dispose of cases without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *See Schultz v. Newsweek, Inc.,* 668 F.2d 911, 918 (6th Cir.1982).

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C). Under Rule 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *See Allen,* 970 F.Supp. at 828(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and

must identify the portions of " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)(quoting FED. R. CIV. P. 56(c)). This initial burden can be discharged by the moving party by showing that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he or she bears the ultimate burden of proof at trial. *See Celotex*, 477 U.S. at 323, 106 S.Ct. 2548; *Morales v. American Honda Motor Co., Inc.*, 71 F.3d 531, 535 (6th Cir.1995). The evidence submitted must be viewed in a light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

If the moving party meets this burden, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* FED. R. CIV. P. 56(e). The nonmoving party must present additional evidence beyond the pleadings. *See id.* The nonmoving party must do this by presenting more than a scintilla of evidence in support of his or her position. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment must be granted unless sufficient evidence exists that favors the nonmoving party such that a judge or jury could reasonably return a verdict for that party. *See id.* at 249, 106 S.Ct. 2505. The Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* If a party fails to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the Court is required to enter

summary judgment. *See Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

**B. Arbitration Reviews**

 "The standard of review in arbitration cases is very narrow." *Mercy Mem. Hospital v. Hospital Employees' Division of Local 79*, 23 F.3d 1080, 1083 (6th Cir.), *cert. denied*, 513 U.S. 961, 115 S.Ct. 421, 130 L.Ed.2d 335 (1994)(quoting *Anaconda v. District Lodge No. 27, International Assn. Of Machinists*, 693 F.2d 35, 36 (6th Cir.1982)). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers v. Misco, Inc.*, 484 U.S. 29, 38, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). "It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *United Steelworkers v. Enterprise Wheel Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

 However, an arbitrator is confined to interpretation and application of the collective bargaining agreement and may not implement his own brand of industrial justice. When an arbitrator's words manifest a breach of this obligation, courts have no choice but to refuse enforcement of the award. *See United Steelworkers*, 363 U.S. at 597, 80 S.Ct. 1358. "Arbitrators are not bound by formal rules of procedure and evidence, and the standard for judicial review of arbitration procedures is merely whether a party to arbitration has been denied a fundamentally fair hearing." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 625 (6th Cir.2002)(quoting *National Post Office v.*

*U.S. Postal Serv.*, 751 F.2d 834, 841 (6th Cir.1985)).

## III. LAW AND ANALYSIS

█ Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, allows a labor organization to sue an employer in federal district court for violation of a collective bargaining agreement. *See Ohio Council 8, American Federation of State, County and Municipal Employees, AFL–CIO v. Trumbull Memorial Hosp.*, 124 F.Supp.2d 482, 485 (N.D.Ohio 2000). Such a suit may seek confirmation of an arbitration award resolving a grievance between the employer and the labor organization. *See id.*

Here, Plaintiff seeks confirmation of the Labor–Management Committee ruling entered against Defendant and entry of judgment in the amount of the award of $4,402.40. *See* ECF Dkt. # 1, 21. Conversely, Defendant asks the Court to refuse confirmation of the award based upon an alleged flurry of procedural errors both inherent within the notice of the Labor–Management committee's hearing and that allegedly occurred during the hearing itself. *See* ECF Dkt. # 7, 34.

█ An arbitration confirmation proceeding does not ask the Court to substantively resolve a particular dispute. *See Ohio Council 8*, 124 F.Supp.2d at 485. Confirmation is a summary proceeding where the Court merely converts an arbitration award into a final judgment. *See id.* (citing *International Brotherhood of Electrical Workers, Local 429 v. Toshiba America, Inc.*, 879 F.2d 208, 209 (6th Cir. 1989)) (stating that "when the grievance process has been exhausted, the courts have nothing left to do but enforce the award"). In so doing, the Court itself does not adjudicate the parties' dispute, but only gives legal effect to the resolution the parties bargained for by agreeing to arbitrate the matter. *See id.*

█ The Court "may refuse to enforce an otherwise valid arbitration award when that award violated some explicit public policy." *Ohio Council 8*, 124 F.Supp.2d at *486* (quoting *W.R. Grace & Co. v. Local Union 759, Int' Union of the United Rubber Workers*, 461 U.S. 757, 766, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983)). However, "the public policy exception to the general deference afforded arbitration awards is very limited." *Id.* (quoting *Shelby County Health Care Corp. v. A.F.S.C.M.E, Local 1733*, 967 F.2d 1091, 1095 (6th Cir.1992)). Courts considering the public policy exception "have emphasized that this exception ... 'does not otherwise sanction a broad judicial power to set aside arbitration awards as against public policy.'" *Id.* (quotations omitted). To refuse confirmation of an arbitration award on public policy grounds, the Court must find that the arbitration decision conflicts with a "well defined and dominant" public policy derived from "the laws and legal precedents...." *Id.* (quoting *W.R. Grace & Co.*, 461 U.S. at 766, 103 S.Ct. 2177). Further, "the conflict between the public policy and the arbitration award must be explicit and clearly shown." *Id.*

█ Judicial review of arbitration awards on a motion to confirm is extremely narrow. This Court is limited to examining whether the award violates public policy and whether the award "draws its essence" from the collective bargaining agreement. *See Beacon Journal v. Akron Newspaper Guild*, 114 F.3d 596 (6th Cir. 1997). In *Beacon Journal*, the Sixth Circuit stated that an award fails to draw its essence from the agreement when:

(1) an award conflicts with express terms of the collective bargaining agreement;

(2) an award imposes additional requirements not expressly provided in the agreement;

(3) an award is not rationally supported by or derived from the agreement; or (4) an award is based on general considerations of fairness and equity instead of the precise terms of the agreement.

*See id.* at 600. (citations omitted). This Court has held that when any one of the enumerated grounds are violated, the arbitration award must be vacated. *See id. See Federal Packaging Corp. v. United Paperworkers,* 940 F.Supp. 1155, 1158 (N.D.Ohio 1996).

■ In its filings in the instant case, Defendant does not argue that the Labor–Management Committee ruling violated any tenets of public policy or failed to "draw its essence" from the collective bargaining agreement. *See* ECF Dkt. # 34 at 2. Instead, Defendant requests this Court to deny enforcement of the Labor–Management Committee ruling based upon various procedural defects, including *inter alia,* lack of adequate notice and opportunity to be heard, and bias within the Labor–Management committee itself. *See id.* The Court notes that Defendant could have raised these procedural defenses in a motion to vacate. *See id.* Thus, the Court finds that Defendant's request to deny enforcement of the Labor–Management Committee ruling is the equivalent of a motion to vacate an arbitration award. *See id.*

The following facts are not in dispute in this instant action to enforce an arbitration award. *See* ECF Dkt. # 1.

A. Plaintiff and Defendant are parties to a collective bargaining agreement which contains a procedure for resolving contract disputes;

B. A dispute arose out of the subcontracting language of the contract which was submitted to the Labor–Management Committee in accordance with the collective bargaining agreement;

C. The Labor–Management Committee issued a $4,402.40 ruling in favor of Plaintiff; and

D. Defendant has not complied with the ruling.

ECF Dkt. # 21 at 6. Plaintiff urges this Court to enforce the ruling of the Labor–Management Committee, and reject any procedural arguments made by Defendant due to its failure to move to vacate or set aside the ruling. *See id.*

■ Plaintiff contends that Defendant's attempt to undo the Labor–Management Committee ruling is untimely as the Sixth Circuit, in *Occidental Chemical v. Intern. Chemical Wkrs, Union,* 853 F.2d 1310 (6th Cir.1988), held that there is a three month statute of limitations period in which a party may file a motion to vacate an arbitrator's award. *See* ECF Dkt. # 21 at 10. Courts have generally held that because Congress provided no statute of limitations for suits under § 301 of the LMRA, the timeliness of a § 301 suit is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations. *See United Steelworkers of America v. Roemer Industries,* 68 F.Supp.2d 843, 846 (N.D.Ohio 1999)(citing *United Automobile, Aerospace & Agricultural Implement Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–05, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), *and International Brotherhood of Electrical Workers, Local 969 v. Babcock & Wilcox,* 826 F.2d 962, 964 (10th Cir.1987)). In Ohio, the appropriate state statute provides that motions to vacate an arbitration award must be served within three months after the award is delivered to the parties in interest. *See id.*(citing Ohio Rev.Code § 2711.13).

In the case *sub judice,* the Labor–Management Committee rendered its decision on November 8, 2001, and Defendant received notification by letter dated Novem-

ber 9, 2001. *See* ECF Dkt. #21 at 4. Thus, Defendant had until February 9, 2002[2] to file an action in this Court to vacate the Labor–Management Committee ruling. *See Roemer,* 68 F.Supp.2d at 846. Defendant did not file an action in this Court to vacate the Labor–Management Committee ruling, but rather only filed an answer in the instant case on March 11, 2002, and a memorandum in opposition to Plaintiff's motion for summary judgment on September 18, 2002 which contain the aforementioned procedural defenses. *See* ECF Dkt. #7, 34.

The Court finds that Defendant is precluded by the applicable statute of limitations from moving to vacate, correct, or modify the Labor–Management Committee ruling in the case at bar. The Sixth Circuit has consistently held that "objections that might have formed the basis for a timely action to vacate an award may not be raised as defenses in an action to confirm the award after the limitations period for an action to vacate has expired." *Roemer,* 68 F.Supp.2d at 847 (quoting *Occidental Chemical,* 853 F.2d at 1317). The Sixth Circuit explained that the reasons for denying the defendant's assertions of defenses are based on the purpose of arbitration which is "meant to be a quick and final resolution by which parties are

bound." *Id.* (quoting *Professional Administrators, Ltd. v. Kopper–Glo Fuel, Inc.,* 819 F.2d 639, 642 (6th Cir.1987))("an action to confirm the award should be a summary proceeding, not a proceeding in which the defendant seeks affirmative relief"). Therefore based upon the Defendant's utter failure to file a motion to vacate or set aside the Labor–Management Committee ruling, Defendant is precluded from raising the procedural defenses in the instant action that it might have raised in a motion to vacate. *See id.*[3] Because Defendant is time barred from raising the asserted procedural defenses, the Court GRANTS Plaintiff's motion for summary judgment and confirms the Labor–Management Committee's ruling awarding Plaintiff $4,402.40. *See* ECF Dkt. #21.

## IV. PREJUDGMENT INTEREST

Plaintiff also moves for an award of prejudgment interest from November 8, 2001, the date of the Labor–Management Committee ruling, until the date that this Court issues its judgment. *See* ECF Dkt. #21. In support of its motion, Plaintiff cites *Roemer,* 68 F.Supp.2d at 849, *supra.* In *Roemer,* this Court relied upon *Bricklayers' Pension Trust Fund v. Taiariol,* 671 F.2d 988, 990 (6th Cir.1982), which

---

2. Because the Defendant never moved to vacate the Labor–Management Committee ruling, the exact dates of service and the expiration of the statute of limitations are not important.

3. Even assuming Defendant's procedural defenses were timely, the Court finds that Defendant had notice of the grievances against it and an opportunity to be heard, and thus received industrial due process. *See Teamsters, Chauffeurs, Warehousemen, Helpers and Food Processors, Local Union 657 v. Stanley Structures, Inc.,* 735 F.2d 903, 906 (5th Cir. 1984). Federal Court review of arbitration proceedings is restricted to determining whether the procedure was fundamentally unfair. *See id.* Defendant argues that it was

unaware of the nature of the underlying labor-management dispute due to inadequate notice; however, its claim conflicts with documentation attached to Defendant's own brief which consists of a grievance notification that identifies the precise contractual language in the collective bargaining agreement prohibiting subcontracting. *See* ECF Dkt. #34, attachment 5. Defendant's President Mr. Steen also admitted to attending the Labor–Management Committee hearing concerning the underlying grievance, and that he was given an opportunity to speak before the committee. *See* ECF Dkt. #21, attachment 2 at 9, 10. Clearly, the arbitration proceedings in the instant case were not fundamentally unfair. *See supra.*

states that federal courts have discretion to award prejudgment interest in order to make a party whole when the adverse party fails to comply with an arbitration award. It has been nearly a year since the Labor–Management Committee's ruling that Plaintiff was entitled to a $4,402.20 award for the Defendant's violation of the subcontracting provision of the collective bargaining agreement. *See* ECF Dkt. # 1. As in *Roemer*, this Court finds because Defendant has not complied with the Labor–Management Committee ruling, prejudgment interest at a rate of ten per cent (10%) per annum [4] must be applied to the $4,402.40 award from the date of the Labor–Management Committee's ruling on November 8, 2001 until the date this Court enters its judgment.

## V. COSTS AND ATTORNEYS' FEES

In its motion for summary judgment, Plaintiff also requests costs and attorneys' fees in association with bringing the instant action. *See* ECF Dkt. # 21. The Court will conduct a hearing to determine whether costs and attorneys' fees are to be awarded to Plaintiff, and if so, the appropriate amount of costs and attorneys' fees at 9:00 a.m. on October 8, 2002.[5]

## VI. CONCLUSION

For the foregoing reasons, this Court GRANTS Plaintiff's motion for summary judgment. *See* ECF Dkt. # 21. The Court finds that the procedural defenses urged by Defendant could have been asserted in a motion to vacate. Defendant, having failed to file a timely motion to vacate, cannot assert those defenses in opposing confirmation of the Labor–Management Committee ruling. *See id.*

Accordingly, the Court hereby confirms the ruling issued by the Labor–Management Committee on November 8, 2001 in favor of Plaintiff in the amount of $4,402.40. The Court also ORDERS Defendant to pay interest at 10% per annum on the amount of $4,402.40 from the date of the Labor–Management Committee ruling on November 8, 2001 until the date this Court enters its judgment. Lastly, the Court will conduct a hearing to determine whether costs and attorneys' fees are to be awarded to Plaintiff, and if so, the appropriate amount of costs and attorneys' fees at 9:00 a.m. on October 8, 2002.

IT IS SO ORDERED.

---

**4.** As the appropriate rate of prejudgment interest is not addressed by any federal statute, the rate contained in the applicable state law is used. *See Roemer,* 68 F.Supp.2d at 849(citation omitted). Ohio's statutory interest rate is ten per cent (10%) per annum. *See* Ohio Rev.Code § 1343.03(A).

**5.** The same date and time as the originally scheduled final pretrial in the instant action.